**Alice GARY, Plaintiff,**

v.

**HEALTH CARE SERVICES, INC., d/b/a Cedar Hills Nursing Home, Defendant.**

**Civ. No. 84–105–ATH.**

United States District Court, M.D. Georgia, Athens Division.

Aug. 31, 1990.

**278**

Janet Hill, Nelson and Hill, Athens, Ga., for plaintiff.

Earnest H. DeLong, Jr., Roswell, Ga., for defendant.

FITZPATRICK, District Judge.

This case was originally tried before this court without a jury on April 8, 1987. The plaintiff, Alice Gary, was employed by the defendant as a licensed nurse from April 1983 through September 1984. Gary worked at Cedar Hills Nursing Home on an eight hour shift with a paid thirty-minute lunch break. Because Cedar Hills considered this to be a "bona fide" lunch period during which the plaintiff was relieved of her duties, the defendant did not pay her overtime compensation until she worked over 42.5 hours per week, the total of her regular working hours and her lunch periods. At trial, however, it was determined that plaintiff's lunch periods were not bona

fide, as she and other nurses were expected to attend to emergencies and answer telephone calls during those times. Also, Cedar Hills had a policy of not paying overtime compensation for hours in excess of eight per day unless the employee had prior permission for such work. Despite this, the defendant never objected to Gary working longer than eight hours per day while completing her duties, although the defendant did deduct all hours in excess of eight per day from her time card.

The plaintiff brought this action on October 15, 1984, to recover unpaid regular and overtime pay under the Fair Labor Standards Act of 1938 (F.L.S.A.). 29 U.S.C. § 201 *et seq.* In an order dated July 9, 1987, this court found in favor of the plaintiff and awarded her a total of $311.36. Plaintiff's attorneys have now come before the court asking for $26,710 in attorneys' fees, $580.90 in costs and $110.25 in expenses for a total of $27,401.15.

■ The Fair Labor Standards Act mandates the awarding of attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b). The amount and reasonableness of the fee, however, are in the court's discretion, which is quite broad. *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1543 (11th Cir.1985); *King v. McCord,* 621 F.2d 205, 206 (5th Cir.1980).

The starting point for determining awards of attorneys' fees was set by the Supreme Court as the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). This yields what is commonly known as the "lodestar" figure, which the court may then adjust up or down in its discretion depending on various considerations involved in the case.

■ In the present case, plaintiff's counsel admits that she agreed to take the case for a fee of $75 per hour, but now asks that her fee be increased to $100 per hour to reflect the delay in collecting her fee since the case began. The Supreme Court has indicated that awarding fees based on present hourly rates rather than historical

ones is justified in cases involving statutory fees so as to adequately compensate counsel. *Missouri v. Jenkins,* ─── U.S. ───, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990). Accordingly, this court will use $100 per hour as counsel's reasonable hourly fee and $75 per hour as that of her associate.

Counsel claims that she spent 97.8 pre-trial hours on this case and that her associate spent 26.5. Multiplied by the hourly fees used above, this results in total fees for each of $9,780 and $1987.50, respectively, for a total fees for pre-trial work of $11,767.50. Next, counsel claims 31.75 post-trial hours at $100 per hour for a total of $3,175. Adding the pre- and post-trial figures results in a lodestar figure of $14,942.50.

■ Before deciding whether to raise or lower the lodestar figure, the court will first consider the question of enhancement. In her brief, plaintiff's attorney makes a thorough argument calling for a 100% enhancement of her requested fees for the pre-trial hours she and her associate spent on the case. (pp. 20–37). The burden of proving that such an adjustment is justified is on the fee applicant. *Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). This court concludes that counsel has not carried her burden and is entitled to no enhancement. Counsel's main authority is *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), a decision which she claims requires enhancement in contingent fee cases. Even if that is so, however, it does not apply to this case, for in a letter to this court dated August 28, 1990, plaintiff's attorney admits that she entered into a contract in 1984 calling for $75 per hour in fees. As a plurality of the Supreme Court stated in the very case relied on by counsel, "when the plaintiff has agreed to pay its attorney, win or lose, the attorney has not assumed the risk of nonpayment and there is no occasion to adjust the lodestar fee because the case was a risky one." 107 S.Ct. at 3082.

Even if this contradiction is set aside, the court still declines to enhance counsel's fees. Again, the amount of fees awarded is within the court's discretion and the lodestar figure is presumed to be a reasonable fee. *Hensley,* 103 S.Ct. at 1039. In addition, the factors discussed below argue against enhancement.

■ In *Hensley,* the Supreme Court cautioned that "other considerations ... may lead the district court to adjust the fee upward or downward, including the important factor of 'results obtained.'" 103 S.Ct. at 1940. In the seminal case of *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), the court listed twelve factors which have become standards in guiding courts in determining fee awards. This court will now consider these factors as they apply to this case.

(1) *The time and labor required.* It appears to the court that plaintiff's counsel could have obtained a similar result while devoting fewer hours to this case. The court, however, cannot easily decide which hours were necessary and which were not. Nonetheless, after reviewing counsel's itemizations, the court believes that some of the time listed was unnecessary or duplicative.

(2) *The novelty and difficulty of the questions.* Although this was a tedious case, it appears to have been within the ambit of counsel's practice and therefore not unusual or unduly difficult.

(3) *The skill requisite to perform the legal service properly.* Counsel, drawing on her skill in handling similar questions, provided competent representation.

(4) *The preclusion of other employment by the attorney due to acceptance of the case.* The court has seen no evidence that this factor applies to the case at bar.

(5) *The customary fee.* At the time this case was accepted by counsel, $75 per hour appears to have been the customary fee.

(6) *Whether the fee was fixed or contingent.* Although counsel bases her argument on a contingent fee arrangement, she has stated, as noted above, that she agreed to accept $75 per hour in payment.

(7) *Time limits imposed by the client or the circumstances.* The court does not believe this factor applies to the case at bar.

(8) *The amount involved and the results obtained.* The damages ultimately awarded in this case were quite small. This is especially so in comparison to the $6000 settlement offer counsel made to the defendant to settle the case as was revealed at the hearing on the motion to award fees.

(9) *The experience, reputation, and ability of the attorneys.* There is no doubt that counsel is an experienced attorney in this area of the law and represented her client competently.

(10) *The undesirability of the case.* Since this case was within the ambit of counsel's practice, there is no reason to believe that this case was undesirable.

(11) *The nature and length of the professional relationship with the client.* The court does not believe that this factor applies to the case at bar.

(12) *Awards in similar cases.* The court is aware of no other cases with such a wide discrepancy between the damages awarded and the fees requested.

488 F.2d at 717–19.

The twelve factors listed above are not to be accorded equal weight in determining counsel's fee. As the Supreme Court has noted, "the most critical factor" is the degree of success obtained by the plaintiff. As the Court further stated, where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley,* 103 S.Ct. at 1941. This factor is of great importance in the case at bar, since it was revealed at the fee hearing that counsel offered to settle her case before the trial for $6000, evidently how much she believed the case to be worth, and yet later received an award much smaller than that.

Another factor that should be considered was stated in this court's order that decided the underlying case. In its decision the court stated that the question of whether this claim was *de minimis* was a very close one, but eventually decided that it was not. It stands to reason, however, that simply because a claim is barely over the *de minimis* line does not mean that it is far enough past that line to justify awarding attorneys' fees of the amount in question here. Although the original claim was not *de minimis,* it was also not far enough above that standard to support an award of the size plaintiff's attorneys have requested.

There is an old saying that "hard cases make bad law," meaning, one would assume, that a judge or jury will overreact when confronted with a set of facts or situation which seems unreasonable or even outrageous. To many, a request for $26,710 in attorneys' fees on a judgment of $311.36 would seem to be one or the other. The court realizes, however, that in many instances an award of attorneys' fees has exceeded the judgment by two, four or even ten times. *See, City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). In the case at bar plaintiff's lawyer requests a fee exceeding the judgment by eighty-six times and, it should be noted, her own $6,000 estimate of the value of the case exceeded the actual judgment by more than nineteen times.

If one wished to inject a little humor into the situation one might see an analogy with the story of the drunk on the *Titanic* who was said to have remarked as he stumbled out of the bar and saw the iceberg looming over the ship: "I ordered ice but this is ridiculous."

The court will not, however, treat plaintiff's lawyer's claim for attorneys' fees in a humorous vein. It is obvious that both plaintiff's and defendant's lawyers see this as a quite serious matter—and so does the court. The court must, as it must in all cases, reconcile two diametrically opposed positions. The plaintiff's lawyer wants $26,710 in fees and the defendant's lawyer wants her to have $1,657.50. There are several solutions available to a judge faced with the rather unpleasant task of deter-

mining a lawyer's fee: one would be to take the plaintiff's figure, another would be to take the defendant's figure, while still another would be to Solomonically divide the request in half. None would be proper in the present case. This court, this judge, must engage in something it constantly tells juries they cannot: speculation. The court must summon all of its intuition and experience, read the law as established by appellate decisions, consider the positions carved out by plaintiff's and defendant's counsel, cross its fingers and fix a figure.

Having done all of this above this court finds that the plaintiff's lawyer is entitled to $5,977 in attorneys' fees, which represents 40% of the lodestar figure, plus the $580.90 in costs and $110.25 in expenses she also requested for a total of $6,668.15. The court fully realizes that this will satisfy neither side but believes this to be fair and adequate compensation for the effort of counsel taking into consideration the twelve factors set out hereinbefore.

SO ORDERED.