Lori DUTCHER, Appellant,

v.

RANDALL FOODS, Appellee.

No. 94–1530.

Supreme Court of Iowa.

April 17, 1996.

Blake Parker of Blake Parker Law Office, Fort Dodge, for appellant.

James L. Kramer and Stuart J. Cochrane of Johnson, Erb, Bice & Carlson, P.C., Fort Dodge, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and TERNUS, JJ.

TERNUS, Justice.

Appellant, Lori Dutcher, successfully proved her employer, appellee Randall Foods, violated the Equal Pay Act[1], see 29 U.S.C. § 206(d) (1992), and the Iowa Civil Rights Act, see Iowa Code ch. 216 (1993). A jury awarded Dutcher lost wages and benefits. The trial court, however, refused to award Dutcher liquidated damages, damages for emotional distress and attorney fees. Dutcher appealed. We reverse the trial court's denial of liquidated damages and attorney fees, and remand for determination of an appropriate fee and entry of judgment in accordance with our decision.

I. *Background Facts and Proceedings.*

Lori Dutcher began working for Randall in 1984 as a part-time wrapper and counter person in the meat department. In 1990 she was promoted to a full-time position, responsible for the prepackaged meat section of the meat department. At that time, store management granted Dutcher's request to have a "supervisor" patch sewn on her white work jacket; two other full-time employees in the meat department received the same patch.

In late 1991, Dutcher began to suspect that Randall was discriminating against her based on her gender. Her suspicions were primarily based on her belief that Myron Gilliland, a full-time male employee in the produce department, received a higher wage than she did.

Randall hired Gilliland in September of 1991 as a full-time produce clerk. Randall expected Gilliland would move into a management position; he had twelve years of experience in the grocery business, five in managerial positions. Gilliland was initially hired at a rate of $5.80 per hour; three

weeks later Dutcher's wage was raised to the same hourly rate. In October of 1991, however, Gilliland received a one dollar raise; Dutcher did not receive a raise at that time.

By coincidence, the produce department manager was Dutcher's brother-in-law, Tom Dutcher. Lori Dutcher learned of the pay differential between her and Gilliland when Tom Dutcher told his brother, Lori Dutcher's husband, in early 1992.

Lori Dutcher then complained to the store manager about being paid less than Gilliland. When she found the manager's response unsatisfactory, she filed a complaint with the Iowa Civil Rights Commission. See Iowa Code § 216.15 (1993). Following the issuance of a right-to-sue letter, see *id.* § 216.16, Dutcher filed a petition in the Iowa district court. Her petition included a claim under the Equal Pay Act to recover wages, liquidated damages and attorney fees. It also stated a claim under the Iowa Civil Rights Act for loss of income and benefits, emotional distress, punitive damages and attorney fees. Both claims were based on the allegation that Dutcher did not receive wage increases given to males working in equal positions.

Trial of Dutcher's case was bifurcated: the equal pay claim was tried to a jury and the civil rights claim was tried to the court. The jury decided Randall violated the Equal Pay Act by paying Dutcher at a rate less than the rate "paid to a member of the opposite sex for a job doing substantially equal work which required equal skill, effort and responsibility." It awarded her $2128 for lost wages and benefits, only $40.80 less than what she had requested. The court entered judgment on the jury verdict and addressed the remaining issues.

With respect to the Equal Pay Act, the court found Randall demonstrated it acted in good faith and had reasonable grounds to believe it was not violating the law in setting the pay rate for Dutcher and comparable employees. Thus, the court denied liquidated damages. See 29 U.S.C. § 260. In

1. The Equal Pay Act, see 29 U.S.C. § 206(d), is contained within the Fair Labor Standards Act (FLSA), see 29 U.S.C. §§ 201–219. The Portal-to-Portal Act, see 29 U.S.C. §§ 251–262, in part provides defenses to the FLSA.

addition, Dutcher's claim for attorney fees was also denied.

The court then considered Dutcher's discrimination claim under the Iowa Civil Rights Act. The court adopted the jury's findings that (1) Randall paid Dutcher less than male employees because she was female and (2) Dutcher lost wages and benefits of $2128. Dutcher's claim for additional compensatory damages was denied because the court rejected her testimony that Randall's discriminatory conduct caused her emotional distress. The trial court also found Randall's actions were not willful or wanton and consequently concluded punitive damages were not warranted.

On appeal Dutcher makes several claims: (1) the trial court erred in considering whether Randall's conduct was reasonable and in good faith because Randall had not raised this issue as an affirmative defense; (2) even if this issue had been properly raised, the court abused its discretion in finding Dutcher was not entitled to liquidated damages; (3) substantial evidence does not support the court's conclusion that Dutcher suffered no emotional distress; and (4) the trial court erred in failing to award Dutcher reasonable attorney fees. Randall did not file a cross-appeal and therefore, we accept as established that Randall violated the Equal Pay Act and the Iowa Civil Rights Act by paying Dutcher less than males in comparable positions. Similarly, the amount of Dutcher's lost wages and benefits, not challenged on appeal, is also conclusively determined.

## II. *Liquidated Damages.*

Section 216(b) of the FLSA provides for an award of liquidated damages to a prevailing employee:

> An employer who violates the provisions of [the Equal Pay Act] shall be liable to the employee ... affected in the amount of their unpaid ... wages ... and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). An employee's right to liquidated damages may, however, be defeated:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

*Id.* § 260.

Dutcher challenges the district court's denial of liquidated damages on both procedural and substantive grounds. First, she claims section 260 is an affirmative defense which the employer must plead and prove. Because Randall failed to plead "good faith and reasonable grounds" in its answer, Dutcher claims the defense was waived. Second, Dutcher asserts the trial court abused its discretion in failing to award liquidated damages because the evidence does not show good faith and reasonable grounds for Randall's actions.

We agree that Randall waived this defense when it failed to raise section 260 as an affirmative defense. Consequently, we do not reach the question of whether Randall successfully proved it acted in good faith and on reasonable grounds. Whether section 260 creates an affirmative defense is a question of law for the court; therefore, we review for errors of law. *See* Iowa R.App.P. 4.

■ A. *Section 260 is an affirmative defense.* Although other sections of the Portal-to-Portal Act require a particular defense to be "pleaded and proved" by the employer, *e.g.,* 29 U.S.C. §§ 258, 259 (employer's reliance on past and future administrative rulings), section 260 merely provides that the employer "show" good faith and reasonable grounds. Thus, although the statute places the burden of proof on the employer, it does not address the necessity to plead a section 260 defense. Because the statute is silent on this issue, we look to our procedural rules to determine whether they require this defense to be affirmatively alleged. *See Winans v. W.A.S., Inc.,* 112 Wash.2d 529, 772 P.2d 1001, 1008 (1989) (en banc) (examining state rules

of civil procedure to decide whether section 260 is an affirmative defense).

Iowa Rule of Civil Procedure 101 requires "[a]ny defense ... which admits the facts of the adverse pleading but seeks to avoid their legal effect [to] be specially pleaded." A section 260 defense is more than a mere denial of liability; it arises only *after* the facts of the petition have been proven. Thus its purpose is to *avoid* one of the legal effects of a finding of discrimination—an award of liquidated damages. We think Randall's defense to the imposition of liquidated damages falls within this rule. Other jurisdictions have also concluded section 260 must be affirmatively alleged. *E.g., Dole v. Haulaway, Inc.,* 723 F.Supp. 274, 288 (D.N.J.1989) (dicta), *aff'd,* 914 F.2d 242 (3d Cir.1990), *cert. denied,* 499 U.S. 936, 111 S.Ct. 1388, 113 L.Ed.2d 445 (1991); *Brock v. First Constr.,* 105 Lab.Cas. (CCH) ¶ 34,843, 1985 WL 26036 (D. Guam Sept. 4, 1985); *Reid v. Day & Zimmerman,* 73 F.Supp. 892, 895 (S.D.Iowa 1947) (dicta), *aff'd,* 168 F.2d 356 (8th Cir. 1948); *Pierce v. Concrete Prods. & Supply Co.,* 186 So.2d 751, 755 (Miss.1966); *Witt v. Skelly Oil Co.,* 71 N.M. 411, 379 P.2d 61, 66 (1963).

■ We hold rule 101 required Randall to plead section 260 as an affirmative defense; Randall failed to make such a pleading. Failure to plead an affirmative defense normally results in waiver of the defense, unless the issue is tried with the consent of the parties. *See Arkae Dev., Inc. v. Zoning Bd. of Adjustment,* 312 N.W.2d 574, 575 (Iowa 1981) (issue of standing could not be raised in posttrial brief where lack of standing was not raised by pretrial motion or pleading and was not tried by consent of the parties); *Nelson v. Leaders,* 258 Iowa 919, 922–23, 140 N.W.2d 921, 924 (1966) (defendant's failure to plead invalidity of restrictive covenant resulted in waiver of defense). To avoid waiver Randall claims its good faith defense was tried with the implied consent of Dutcher.

■ B. *Section 260's affirmative defense was not tried by consent.* When a party introduces evidence without objection on an issue not raised by the pleadings, the court considers the matter tried by consent and properly in the case. Iowa R.Civ.P. 106; *Folkers v. Britt,* 457 N.W.2d 578, 580 (Iowa 1990); *Harper v. Cedar Rapids Television Co.,* 244 N.W.2d 782, 787 (Iowa 1976). Consent will not be found, however, where the evidence was also admissible on a different issue that *was* raised by the pleadings. *Tomka v. Hoechst Celanese Corp.,* 528 N.W.2d 103, 108 (Iowa 1995); *Eikenberry & Co. v. Edwards,* 67 Iowa 14, 19, 24 N.W. 570, 572 (1885); Fleming James, Jr. et al., *Civil Procedure* § 4.7, at 202 (4th ed. 1992). That is because a party cannot be expected to object to evidence on the basis that it goes to an issue not raised in the pleadings when the evidence is otherwise admissible on an issue properly raised. Additionally, when evidence is relevant to an issue properly in the case, its introduction would not signal to the opposing party that a new issue is being tried.

■ Here the testimony Randall now relies upon to support its section 260 defense was admissible on other issues. First Randall points to the evidence differentiating Dutcher's and Gilliland's jobs to show it had reasonable grounds to pay these employees differently. That evidence, however, was relevant to whether Dutcher and Gilliland performed "equal work." *See* 29 U.S.C. § 206(d)(1) (prohibiting the payment of different wages for "equal work on jobs the performance of which requires equal skill, effort, and responsibility"). Second Randall relies on testimony that Gilliland was paid more because he had management experience. This testimony was admissible on whether the difference in wages was based on gender. *See id.* (prohibiting discrimination in wages "on the basis of sex"). Dutcher would have had no legitimate objection to this evidence. Moreover, none of this testimony would have alerted Dutcher to the defense upon which Randall now relies. Thus, we reject Randall's claim that its section 260 defense was tried by consent.

Because Randall failed to plead section 260 as an affirmative defense, Randall was not entitled to rely on its alleged good faith to avoid liability for liquidated damages.[2]

---

2. We do not suggest that there was any merit in Randall's section 260 defense. This defense has

Therefore, Randall had no defense to the imposition of liquidated damages and the trial court erred in failing to award liquidated damages in a sum equal to Dutcher's lost wages.

### III. *Damages for Emotional Distress.*

Dutcher also sought damages for emotional distress under the Iowa Civil Rights Act. A person proving discrimination under the Act is entitled to compensation for "actual damages." Iowa Code § 216.15(8)(a)(8) (1993). Only those damages "caused by the discriminatory or unfair practice" are compensable. *Id.*

■ We have held damages for emotional distress are a component of "actual damages." *Chauffeurs Local Union 238 v. Iowa Civil Rights Comm'n,* 394 N.W.2d 375, 383 (Iowa 1986). A plaintiff need not show physical injury, outrageous conduct or severe distress to obtain an award for emotional distress. *Hy-Vee Food Stores, Inc. v. Iowa Civil Rights Comm'n,* 453 N.W.2d 512, 526 (Iowa 1990).

■ The trial court refused to award Dutcher any damages for emotional distress, finding her claims of such distress "difficult to substantiate or believe." We are bound by this factual finding unless it is unsupported by substantial evidence. *Smith v. ADM Feed Corp.,* 456 N.W.2d 378, 384 (Iowa 1990).

In reviewing the record, particularly Dutcher's testimony concerning her emotional distress, it is apparent that her focus is on the negative reaction she received to the filing of this lawsuit. She complains that her immediate supervisor stopped taking his breaks with her because he felt betrayed when she sued their employer. Her supervisor also removed her "supervisor" patch in response to this lawsuit. Her primary source of emotional distress, however, was the reaction of her brother-in-law, the manager of the produce department; he stopped talking with her at the store as well as at family gatherings. As a result Dutcher no longer enjoyed the close relationship she once had with her husband's family.

It is significant that these events were consequences of Dutcher's filing of this lawsuit, not the unequal wages she was paid by Randall. Although retaliation for filing a civil rights complaint is an unfair or discriminatory practice, *see* Iowa Code § 216.11, neither the jury nor the court found that Randall retaliated against Dutcher because she filed a complaint. The only discriminatory practice found by the judge and jury was that Dutcher was paid less than male employees because she was female. We find substantial evidence that Dutcher's emotional distress was not caused by this discriminatory practice. Consequently, we affirm the trial court's refusal to award damages for emotional distress.

### IV. *Attorney Fees.*

The trial court denied attorney fees in its decree denying Randall's posttrial motions

subjective and objective components. *See Hultgren v. County of Lancaster,* 913 F.2d 498, 509 (8th Cir.1990). First, the employer must subjectively believe that it is not violating the law. *Thomas v. Howard Univ. Hosp.,* 39 F.3d 370, 373 (D.C.Cir.1994). Second, the employer's position must be objectively reasonable. *Bankston v. Illinois,* 60 F.3d 1249, 1255 (7th Cir.1995). With respect to the subjective component, the employer bears the burden of proving an honest intention to ascertain and follow the dictates of the Equal Pay Act. *Dybach v. State of Fla. Dep't of Corrections,* 942 F.2d 1562, 1566 (11th Cir.1991); *Hultgren,* 913 F.2d at 509; *Marshall v. Brunner,* 668 F.2d 748, 753 (3d Cir.1982). There is no evidence in the record that Randall undertook any effort to determine whether its wage decisions complied with the Act, or that it ever consciously considered this question. *Compare Brinkley–Obu v. Hughes Training, Inc.,* 36 F.3d 336, 357 (4th Cir.1994) (denial of liquidated damages not an abuse of discretion where employer studied the plaintiff's position to determine whether she was being paid less than male employees in comparable positions and attempted to address her complaints by giving her promotions and raises) *and Cross v. Arkansas Forestry Comm'n,* 938 F.2d 912, 918 (8th Cir.1991) (district court correctly refused liquidated damages where employer relied on opinions of personnel experts) *with Bankston,* 60 F.3d at 1255 (award of liquidated damages was not erroneous where employer made no inquiry to ascertain whether it was complying with the FLSA) *and Kinney v. District of Columbia,* 994 F.2d 6, 12 (D.D.C.1993) (affirming district court's award of liquidated damages because employer made no showing that it "received advice on the specific compliance issue in question").

and entering judgment on the verdict. On appeal, Dutcher claims the court erred by prematurely and incorrectly ruling she was not entitled to fees. She asks that we remand the case to the district court for determination of an appropriate fee. We agree with Dutcher that the trial court erred in failing to award her attorney fees.

■ A. *FLSA requires an award of attorney fees to a prevailing party.* The FLSA *mandates* an award of reasonable attorney fees and costs to the prevailing party. 29 U.S.C. § 216(b) ("The court … *shall …* allow a reasonable attorney's fee … and costs of the action.") (emphasis added); *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 203, 130 L.Ed.2d 134 (1994); *Burnley v. Short,* 730 F.2d 136, 141 (4th Cir.1984). Only the reasonableness of the amount is left to the district court's broad discretion. *Bankston v. Illinois,* 60 F.3d 1249, 1255 (7th Cir.1995); *Gary v. Health Care Servs., Inc.,* 744 F.Supp. 277, 278 (M.D.Ga.1990), *aff'd,* 940 F.2d 673 (11th Cir.1991).

■ 1. *Dutcher was a prevailing party.* The FLSA directs an award of reasonable attorney fees and costs to a "prevailing party." "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 109, 113 S.Ct. 566, 573, 121 L.Ed.2d 494, 503 (1992). Dutcher clearly obtained actual relief on the merits of her claim: she proved that Randall engaged in wage discrimination on the basis of gender. As a result she will directly benefit because Randall will now be obligated to pay Dutcher the same wage as Gilliland. Thus, Dutcher was a "prevailing party."

2. *Dutcher's recovery was not nominal.* Randall contends the trial court merely determined a reasonable attorney fee was zero, and that it did not abuse its discretion in making this finding. The United States Supreme Court has stated that even a prevailing party may be denied attorney fees: "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief,

the only reasonable fee is usually no fee at all." *Farrar,* 506 U.S. at 115, 113 S.Ct. at 575, 121 L.Ed.2d at 506 (citation omitted); *accord Milton v. Des Moines,* 47 F.3d 944, 945 (8th Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 87, 133 L.Ed.2d 44 (1995). Dutcher's recovery does not fall within this class of cases because she proved and recovered the lost wages and benefits claimed in her lawsuit. *See Ryther v. KARE 11,* 864 F.Supp. 1525, 1533 (D.Minn.1994) (plaintiff prevailed on central issue of age discrimination so may recover full compensatory fee (ADEA incorporates 29 U.S.C. § 216(b))); *Orman v. Farmer Bros. Co.,* 396 N.W.2d 924, 927 (Minn.App.1986) (unreasonable to deny an entire fee request where employee prevailed).

3. *Randall's settlement offer for less than Dutcher's recovery does not bar an award of attorney fees.* Randall points out that it had made an offer to confess judgment in the amount of $2000 prior to trial and Dutcher's recovery of $2128 exceeds that figure by only $128. This fact does not preclude Dutcher from recovering attorney fees. *See Haworth v. Nevada,* 56 F.3d 1048, 1052 (9th Cir.1995) (plaintiffs' recovery of close to a quarter of a million dollars less than pretrial settlement offer did not bar an award of attorney fees); *Fegley,* 19 F.3d at 1135 (award of attorney fees is unaffected by plaintiff's recovery of less than sum offered in settlement); *Lee v. Coahoma County,* 937 F.2d 220, 227 (5th Cir.1991) (trial court did not abuse its discretion in awarding attorney fees where employees recovered only $400 more than settlement offer made before trial). Our holding that Dutcher is entitled to liquidated damages only reinforces this conclusion: her actual recovery is $4256, more than twice Randall's offer to confess. Therefore, she was entitled to receive attorney fees in some amount.

■ 4. *District court prematurely denied fees.* We also note the trial court ruled on the attorney fee issue prior to a motion requesting fees or the submission of any affidavits setting forth the amount of the requested fees. *See Williams v. Tri–County Growers, Inc.,* 747 F.2d 121, 135 (3d Cir.1984)

(after the conclusion of a trial on the merits, a prevailing party may file a motion for fees); *King v. McCord,* 621 F.2d 205, 206 (5th Cir.1980) (after decision on the merits, prevailing party may file a motion for fees together with supporting affidavits). Under both the FLSA and the Iowa Civil Rights Act, one of the factors to be considered by the court in setting a reasonable attorney fee is the time spent on successful litigation. *See Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980) (en banc); *Landals v. George A. Rolfes Co.,* 454 N.W.2d 891, 897 (Iowa 1990). This information was not even available to the court when it refused to award attorney fees. We hold it was error for the trial court to deny attorney fees to Dutcher in the absence of a motion requesting fees or the filing of an affidavit setting forth the requested amount.[3] *See Moore v. Jas. H. Matthews & Co.,* 682 F.2d 830, 838 (9th Cir.1982) ("The district court's failure to allow the parties to develop an adequate evidentiary basis for a fee award and to follow proper standards in awarding fees was inconsistent with the sound exercise of discretion."); *Nelson v. Master Vaccine, Inc.,* 382 N.W.2d 261, 266 (Minn.App.1986) ("[I]t would undermine the remedial purpose of the FLSA to allow the trial court to deny a prevailing employee attorney's fees without first finding that the fee request was unreasonable.").

B. *Remand for determination of reasonable attorney fees.* Our decision requires that we remand this case to the trial court to determine a reasonable attorney fee award. Dutcher shall be allowed to make a request for attorney fees. *See Grunin v. International House of Pancakes,* 513 F.2d 114, 127 (8th Cir.) ("[T]o ensure that all necessary data is before the court, attorneys are generally required to submit detailed affidavits which itemize their fee claims."), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975); *Cody v. Private Agencies Collaborating Together,* 911 F.Supp. 1, 8 (D.D.C.1995) (plaintiff has the burden to support attorney fee claim with specific evidence). If Randall disputes the amount of the fees requested by Dutcher, the court must hold an evidentiary hearing on the issue of reasonableness. *See King,* 621 F.2d at 206 (if parties dispute reasonableness of requested fees, an evidentiary hearing must be held); *cf. Ayala v. Center Line, Inc.,* 415 N.W.2d 603, 606 (Iowa 1987) (same re Iowa Civil Rights Act).

The manner of computing a reasonable attorney fee under federal fee-shifting statutes has changed over time. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 562–65, 106 S.Ct. 3088, 3096–99, 92 L.Ed.2d 439, 454–56 (1986). Therefore, we will briefly discuss the appropriate analysis to be used by the district court on remand. *United States ex rel. Taxpayers Against Fraud v. General Elec.,* 41 F.3d 1032, 1048 (6th Cir.1994) ("uniform application of lodestar equations is preferred over an unpredictable system in which different trial judges devise their own subjective, spontaneous formulas"); *King,* 621 F.2d at 206 (fee award cannot be based on "arbitrary and conclusory predispositions of the trial judge").

A reasonable attorney fee is initially calculated by multiplying the number of hours reasonably expended on the winning claims times a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983); *see Schwarz v. Secretary of Health & Human Servs.,* 73 F.3d 895, 901–04 (9th Cir. 1995) (discussing how to identify the time spent on successful claims); *Casey v. City of Cabool,* 12 F.3d 799, 806 (8th Cir.1993) (plaintiff may recover for time spent "on interrelated issues and theories upon which the plaintiff did not prevail"), *cert. denied,* —— U.S. ——, 115 S.Ct. 325, 130 L.Ed.2d 285 (1994). The hourly rate is based on the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891, 900 (1984); *McDonald v. Armontrout,* 860 F.2d

---

3. After considering only the amount and nature of the judgment awarded a prevailing party, a court may determine that the plaintiff has only an insignificant technical victory. In those circumstances, the court may deny fees without receiving affidavits or evidence, or computing the lodestar amount. *Farrar,* 506 U.S. at 114–15, 113 S.Ct. at 575, 121 L.Ed.2d at 505. We have previously noted that Dutcher's judgment was more than a nominal victory.

1456, 1459 (8th Cir.1988). This calculation results in the lodestar amount which is presumed to be the reasonable attorney fee envisioned in the statute. *Blum,* 465 U.S. at 897, 104 S.Ct. at 1548, 79 L.Ed.2d at 901; *Hendrickson v. Branstad,* 934 F.2d 158, 162 (8th Cir.1991).

An upward adjustment of the lodestar amount is permissible in "exceptional" cases. *Blum,* 465 U.S. at 897, 104 S.Ct. at 1548, 79 L.Ed.2d at 901; *Hendrickson,* 934 F.2d at 162. The factors normally considered in determining a reasonable hourly rate or the reasonableness of the time spent on the case, such as the "novelty [and] complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained," cannot be used as a basis to enhance a fee award. *Delaware Valley,* 478 U.S. at 567, 106 S.Ct. at 3099, 92 L.Ed.2d at 456. Nor may the fee be enhanced based on the difficulty of establishing the legal and factual merits of the claim, in other words the risk of losing. *City of Burlington v. Dague,* 505 U.S. 557, 561, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449, 457 (1992); *Hendrickson,* 934 F.2d at 162. On the other hand, the court may consider the degree of a plaintiff's success in deciding whether the lodestar amount is an excessive fee. *Compare Farrar,* 506 U.S. at 114, 113 S.Ct. at 574–75, 121 L.Ed.2d at 505–06 (awarding no attorney fees where plaintiff recovered only nominal damages) *with Bankston,* 60 F.3d at 1256 (holding district court did not abuse its discretion for failing to reduce attorney fees because the plaintiffs did not recover 100% of their claimed damages). Although the recovery of less than a pretrial settlement offer may be considered in setting a reasonable fee, *Haworth,* 56 F.3d at 1053, a settlement offer that was less than the amount recovered by the employee does not affect the calculation of attorney fees, *Fegley,* 19 F.3d at 1135.

Detailed findings of fact with regard to the factors considered must accompany the attorney fee award. *See General Elec.,* 41 F.3d at 1048–49 ("district court should make findings of fact for the appellate record that will enable us to review the reasonableness of the [attorney] fee award"); *Bess v. Bess,* 929 F.2d 1332, 1335 (8th Cir.1991) (must provide "concise and clear explanation of the reasons for the fee award"); *D'Emanuele v. Montgomery Ward & Co.,* 904 F.2d 1379, 1386 (9th Cir.1990) (court must explain its calculation of a reasonable attorney fee); *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir.) ("We cannot afford effective appellate review unless we have before us the district court's reasons for finding a particular award appropriate."), *cert. denied,* 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978).

C. *Attorney fees under the Iowa Civil Rights Act.* Reasonable attorney fees may also be awarded to a successful party under the Iowa Civil Rights Act. Iowa Code § 216.15(8)(a)(8) (1993). In the past, we have looked to comparable federal statutes in interpreting our civil rights act. *E.g., Boelman v. Manson State Bank,* 522 N.W.2d 73, 79 (Iowa 1994) (following analysis used for claims under section 504 of the Rehabilitation Act in considering disability discrimination claim under chapter 216); *King v. Iowa Civil Rights Comm'n,* 334 N.W.2d 598, 601 (Iowa 1983) (applying by analogy the same burdens of proof in chapter 216 religious discrimination cases as used in Title VII cases, 42 U.S.C. § 2000–e(2)(a)(1)). With respect to the specific issue of attorney fees, we have followed cases awarding attorney fees under 42 U.S.C. § 1988 in determining the procedure for awarding attorney fees under chapter 216. *Ayala,* 415 N.W.2d at 606. We have also applied the federal law developed under the FLSA in setting reasonable attorney fees for a plaintiff prevailing on federal and *state* wage and overtime claims. *Lara v. Thomas,* 512 N.W.2d 777, 786–87 (Iowa 1994).

The vindication of civil rights is so significant that the method of calculating attorney fees should not vary between state and federal courts.[4] Therefore, we adopt the federal analytical framework for the calcula-

---

**4.** Similarly, the United States Supreme Court has held that the method of calculating attorney fees should be uniform under all federal fee-shifting statutes. *Dague,* 505 U.S. at 562, 112 S.Ct. at 2641, 120 L.Ed.2d at 456.

tion of attorney fees under the Iowa Civil Rights Act. The California Court of Appeals has noted the benefit of this approach:

> California courts should follow interpretations of similar federal laws in awarding attorney fees in age discrimination cases. Otherwise, if fee awards were doubtful in California courts, there would exist an incentive for plaintiffs to file suits in federal courts under the federal civil rights statute with more liberal attorney fee provisions. This would effectively defeat the policy of keeping the California law as an effective remedy against age discrimination and would undermine Congress's intent "to encourage full use of state remedies."

*Stephens v. Coldwell Banker Commercial Group, Inc.*, 199 Cal.App.3d 1394, 245 Cal. Rptr. 606, 612 (1988) (citations omitted); *see also Anderson v. Hunter, Keith, Marshall & Co.*, 417 N.W.2d 619, 628–29 (Minn.1988) (relying on Title VII cases in determining attorney fee award under Minnesota Human Rights Act). Consequently, any award of attorney fees under the Iowa Civil Rights Act would be the same as the attorney fees calculated under the FLSA.

### V. *Disposition.*

We affirm the trial court's decision that Dutcher was not entitled to damages for emotional distress. We reverse the district court's denial of liquidated damages and attorney fees, and remand. Upon remand, the court should determine a reasonable attorney fee for the trial and appeal of this case and enter judgment consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**