# IN THE COURT OF APPEALS OF IOWA

No. 14-1371
Filed June 29, 2016

**HOPE K. FARMS, L.L.C. and BRET AND MELISSA SCHILLING,**
    Plaintiffs-Appellees,

**vs.**

**DAVID GUMM,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Greene County, William C. Ostlund, Judge.

Defendant appeals from the district court's order and entry of judgment regarding a farm lease. **AFFIRMED.**

Alexander E. Wonio of Hansen, McClintock & Riley, Des Moines, for appellant.

Melissa C. Lewis of Lewis Law Office, P.C., Bayard, for appellee Hope K. Farms.

Kyle M. Orris of Hoyt Law Firm, P.C., Jefferson, for appellees Bret and Melissa Schilling.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

David Gumm appeals from the district court's order and entry of judgment regarding a farm lease. Gumm maintains the district court erred in concluding he materially breached the lease. Alternatively, he maintains the plaintiffs cannot rely on his breach of contract because the plaintiffs waived their right to have the terms of the contract complied with.

## I. Background Facts and Proceedings

The farmland in question was previously owned by Gumm's mother, and Gumm had a lease agreement with her to farm the land. After his mother died, the land passed to the Gumm Family Trust. Gumm was named a co-trustee along with two others.

Due to various disagreements between Gumm and the other two co-trustees, multiple legal actions were filed. In one, the district court ruled the other two trustees could sell the farmland by majority action. In another ruling, the court found that Gumm could continue farming the land under the terms of the current lease. *See Scheuermann v. Gumm*, No. 12-1946, 2013 WL 3458185, at *1 (Iowa Ct. App. July 10, 2013).

In late 2012, the farmland was sold to the plaintiffs in this action, subject to Gumm's lease to farm the land between March 2013 and March 2015. The lease required Gumm to "plant such crops in a timely fashion as may be designed and directed by" the plaintiffs. The lease also stated the plaintiffs and Gumm were each responsible for one-half of the costs and then each would receive one-half of the profits. Additionally, "[n]o expense shall be incurred for or on account of the [plaintiffs] without first obtaining [plaintiff's] written authorization." Also, the

lease provided the plaintiffs the right to enter the land "at any reasonable time for purpose of viewing or seeding and making repairs, or for other reasonable purposes."

On May 24, 2013, the plaintiffs filed a joint petition for declaratory judgment, temporary injunction decree, and other relief. They asserted they had attempted to contact Gumm several times, through various means, but he refused to communicate with the plaintiffs regarding the lease and 2013 crop year farm operations because he did not recognize the plaintiffs as the owners and landlords of the farmland. At the time they filed the petition, Gumm had not yet prepared the land for planting, but he had incurred expenses by ordering seed and farm inputs without written (or any other form of) authorization from the plaintiffs. Additionally, Gumm had impeded and denied entry to a surveyor the plaintiffs hired to determine the boundary lines of the field. The plaintiffs maintained Gumm was in material breach of the lease and asked the district court to terminate the lease, and award them monetary damages, attorney fees, and court costs. They also requested an injunction barring Gumm from the property.

On June 4, 2013, the court filed a declaratory and injunctive order. The court found Gumm still had not planted any crops—which would result in diminished yields for the 2013 crop season—and immediate intervention by the court was necessary. Because Gumm was unable or unwilling to plant crops, the plaintiffs were "immediately put in possession of the Real Estate for the purposes of conducting any and all farming operations in connection with the 2013 crop."

Gumm was ordered not to engage in any farming operations on the land and not to interfere with the farming operations of the plaintiffs.

A bench trial on the matter took place on July 30, 2014. At the beginning of the trial, the plaintiffs' attorney asked the court to take judicial notice of a 2012 ruling where "the Court determined [the co-trustees] were authorized to sell the property and followed up with [the] subsequent determination of how long that this farm lease would still be in effect on the property." The court did so without objection from Gumm.

Bret Schilling testified that he had attempted to work with Gumm in accordance with the lease, but Gumm refused to communicate with him about any of the farming activity. Additionally, Gumm had put up barriers to block access to the farm. Schilling testified that at the time they filed for the declaratory order and injunction, he had planted 800 of his own acres and his neighbors had also begun planting, but Gumm had done nothing to prepare for planting the farmland in question. Once the injunction was entered, Schilling planted the crop, but he had to use seeds with a shorter maturity date, which ultimately reduced the yield. At trial, he clarified the plaintiffs were asking for all of the profits from the 2013 crop year, but that they would also assume responsibility for all of the expenses incurred with the crop. The owner and manager of Hope K. Farms testified similarly.

Gumm testified that he was prepared to farm the land with inputs he had purchased before the land was sold. However, he also testified that the farm cooperative where he purchased the inputs refused to release them to him, so he was unable to conduct any farming. He stated he had intended to plant both

corn and soybeans; he agreed he did not receive written authorization from the plaintiffs that was the crop they wanted him to plant. He admitted he had received the written demands from the plaintiffs leading up to injunction but claimed his former attorney advised him to ignore them. Gumm also testified that he believed the question of who owned the land was still in dispute.

In August 2014, the court filed an order and entry of judgment. The court found Gumm had materially breached the lease by refusing to communicate with the plaintiffs regarding the farm operation; ignoring written and spoken directives regarding preparation of the real estate for planting, type of seed to be planted, and application of anhydrous, liquid nitrogen, and fertilizer; failing to seek authorization from the plaintiffs regarding expenses; failing to prepare the land and plant crops in a timely fashion; and impeding the plaintiffs' right of entry and inspection. The court found that Gumm had no right, interest, or ownership of the crops harvested in the 2013 or 2014 crop year due to his material breach and his failure to cure the breach in spite of multiple opportunities to do so. The court terminated his lease and ordered Gumm to pay court costs and $1000 in attorney fees to both the Schillings and Hope K. Farms.

Gumm appeals.

## II. Standard of Review

Gumm maintains this was an equitable action, and as such, our review is de novo.[1] *See* Iowa R. App. P. 6.907. However, we believe the action was at law, so we review for corrections of errors at law. *See Iowa Mortgage Center L.L.C. v. Baccam*, 841 N.W.2d 107, 110 (Iowa 2013) ("The standard of review for

---

[1] The appellees did not file a final brief in this appeal.

a breach of contract action is for correction of errors at law."); *see also Ernst v. Johnson Cty.*, 522 N.W.2d 599, 602 (Iowa 1994) ("Where there is uncertainty about the nature of a case, a litmus test we use in making this determination is whether the trial court ruled on evidentiary objections.").

## III. Discussion

### A. Judicial Notice

Gumm maintains the district court abused its discretion when it took judicial notice of a previous court order regarding the ownership of the land and the terms of the farm lease in question. However, Gumm did not object to the court doing so at the time of trial, and as such, any alleged error is not preserved for our review. *Schmitt v. Koehring Cranes, Inc.*, 798 N.W.2d 491, 500 (Iowa Ct. App. 2011) ("To preserve error for appellate review, a party must alert the district court to the issue at a time when the district court can take corrective action.").

### B. Material Breach of Contract and Waiver

Gumm maintains the district court erred when it concluded he materially breached the lease. Alternatively, he maintains the plaintiffs waived their right to have the terms of the complied with.

In an action for breach of contract, the complaining party must prove:

(1) the existence of a contract;
(2) the terms and conditions of the contract;
(3) that it has performed all the terms and conditions required under the contract;
(4) the defendant's breach of the contract in some particular way; and
(5) that plaintiff has suffered damages as a result of the breach.

*Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998). A party breaches a contract when, without legal excuse, it fails to perform any promise which forms a whole or a part of the contract. *Id.*

The district court found several breaches by Gumm, including failure to communicate with the plaintiffs about the farm operations, failure to obtain written authorization before incurring expenses, and failure to plant the crop in a timely matter. On appeal, Gumm does not challenge the district court's application of law but rather encourages us to review the record de novo and find the facts anew. As explained above, we do not review the proceeding de novo. However, even if we did, we would consider the district court's credibility determinations. *See e.g.*, *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007) ("In [reviewing de novo], we give deference to the factual findings of the district court due to its opportunity to evaluate the credibility of the witnesses, are not bound by such findings."). Here, the district court noted that the credibility of the witnesses was "an important element," and in finding against Gumm, the court implicitly found his testimony to be less credible. Moreover, even without such a finding, Gumm admitted at trial that at the time the court had entered the injunctive order, he did not have the inputs necessary to plant the crop and he had not communicated with the plaintiffs to learn how or what they wanted him to plant. As a result of Gumm's inaction, the plaintiffs were required to plant the field themselves and they received a reduced a yield because of the later planting. This is sufficient to establish that Gumm breached the contract.

In the alternative, Gumm maintains that the terms of the lease the court found he breached had been waived by the Gumm Family Trust and that the

plaintiffs, who stepped into the shoes of the trust when they bought the land, could not reassert the rights. Gumm admits that the issue of "waiver" was never raised at trial, but he argues it was preserved because the issue was litigated insofar as "trial was a contest over whether the parties could do what they do relative to a contract."

However, waiver is an affirmative defense. *New Hampshire Ins. Co. v. Christy*, 200 N.W.2d 834, 837 (Iowa 1972). Failure to plead an affirmative defense normally results in waiver of the defense. *Dutcher v. Randall Foods*, 546 N.W.2d 889, 893 (Iowa 1996). Even if the affirmative defense was not waived, Gumm would have the burden of proving the defense by a preponderance of the evidence. *See Hillview Assocs. v. Bloomquist*, 440 N.W.2d 867, 869 (Iowa 1989). In our review of the record, we found no reference to waiver specifically or prior practices of the Gumm Family Trust that could constitute waiver.

We affirm the district court's order and entry of judgment.

**AFFIRMED.**