CADY, Chief Justice
(concurring in part and dissenting in part).
I concur in the opinion of the court to the extent it would recognize a tort claim under the Iowa Constitution when the legislature has not provided an adequate remedy. I part ways with the majority opinion because I find the Iowa Civil Rights Act (ICRA) provides that remedy here, at least with respect to Christopher J. Godfrey’s claim against the State for discrimination on the basis of sexual orientation.
Godfrey alleges the State discriminated against him on the basis of his sexual orientation by harassing him and reducing his salary. These claims are covered by the ICRA. See Iowa Code § 216.6(l)(o) (2013). Thus, Godfrey may only assert an independent claim under the Iowa Constitution, cf. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 392, 91 S.Ct. 1999, 2002, 29 L.Ed.2d 619 (1971), if he can establish the remedy provided by the ICRA is inadequate to vindicate his constitutional rights, cf id. at 407, 91 S.Ct. at 2010 (Harlan, J., concurring in judgment). Godfrey seeks punitive damages, but punitive damages are not available under the ICRA. See City of Hampton v. Iowa Civil Rights Comm’n, 554 N.W.2d 532, 537 (Iowa 1996) (“Our civil rights statute does not allow for punitive damages.”).
The importance of punitive damages was an essential part of the United States Supreme Court’s opinion in Carlson v. Green, 446 U.S. 14, 22, 100 S.Ct. 1468, 1473, 64 L.Ed.2d 15 (1980). In Carlson, a plaintiff alleged that his due process, equal protection, and protection from cruel and unusual punishment rights were violated because prison officials failed to provide him with proper medical attention while he was in their custody. Id. at 16, 100 S.Ct. at 1470. The Court asked whether the Federal Tort *881 Claims Act (FTCA) provided the exclusive remedy for the plaintiff. Id, at 18-19, 100 S.Ct. at 1471. But because the FTCA explicitly barred punitive damages, the Carlson Court found the FTCA “is that much less effective than a Bivens action as a deterrent to unconstitutional acts.” Id. at 22, 100 S.Ct. at 1473. The Court emphasized, without qualification, that punitive damages are “especially appropriate to redress the violation by a Government official of a citizen’s constitutional rights.” Id.
Here, however, the remedies provided in the ICRA are robust, even without punitive damages. I find these remedies suffice as an adequate deterrent of any alleged unconstitutional conduct. First, as to the reduction in salary, Godfrey makes no claim that an action under the ICRA will not adequately provide him with compensatory damages. Further, the ICRA includes a provision for attorney fees. See Iowa Code § 216.15(9)(a)(8). Obviously, attorney fees cannot replace punitive damages in cases of physical invasion, assault, or violations of other liberty interests, but their availability for a claim of monetary loss is an important factor in assessing the adequacy of a statutory remedy. See Carlson, 446 U.S. at 22, 100 S.Ct. at 1473. Regarding Godfrey’s claim of harassment, it is true this is not solely for monetary loss. Instead, Godfrey additionally claims emotional distress damages. But the ICRA provides for this, too. See Iowa Code § 216.15(9)(a)(8); see also Dutcher v. Randall Foods, 546 N.W.2d 889, 894 (Iowa 1996) (“[D]amages for emotional distress are a component of ‘actual damages.’” (quoting Chauffeurs, Teamsters & Helpers Local Union 238 v. Iowa Civil Rights Comm’n, 394 N.W.2d 375, 383 (Iowa 1986))). Again, Godfrey makes no claim that an action under the ICRA will not adequately compensate him for damages relating to the alleged unconstitutional conduct. Thus, I would find the ICRA an adequate remedy for these claims and would not recognize an independent constitutional claim under these circumstances.
In the appropriate case, a remedy of punitive damages may be necessary to vindicate a plaintiffs constitutional rights. But when the claimed harm is largely monetary in nature and does not involve any infringement of physical security, privacy, bodily integrity, or the right to participate in government, and instead is against the State in its capacity as an employer, the ICRA exists to vindicate the constitutional right to be free from discrimination. While not providing punitive damages, it provides full compensation and attorney fees. On these facts, I do not believe an independent Bivens-type action is necessary for the sole purpose of providing a punitive-damages remedy.
For these reasons, I concur in part and dissent in part. Accordingly, the district court properly dismissed Count VIII (discrimination based on sexual orientation against the State) and Count IX (discrimination based on sexual orientation against the individual defendants) to the extent the individual defendants are employers or supervisors. It is unnecessary to create a constitutional tort for these claims because adequate statutory remedies exist.