APPEL, Justice (concurring in part and dissenting in part).
I concur in part and dissent in part.
I. Commission Authority to Award Attorney Fees for Proceedings Before the Commission.
We recently reiterated the importance of the availability of attorney fees in civil rights cases. Simon Seeding & Sod, Inc. v. Dubuque Human Rights Comm'n , 895 N.W.2d 446, 473 (Iowa 2017). Our cases have long explained that "[t]he reason a successful civil rights litigant is entitled to attorney fees 'is to ensure that private citizens can afford to pursue the legal actions necessary to advance the public interest vindicated by the policies of civil rights acts.' " Lynch v. City of Des Moines , 464 N.W.2d 236, 239 (Iowa 1990) (quoting Ayala v. Ctr. Line, Inc. , 415 N.W.2d 603, 605 (Iowa 1987) ). Federal courts have long given attorney fees provisions in civil rights statutes a broad construction because the statutes further policies favoring private enforcement of civil rights legislation. See, e.g. , Newman v. Piggie Park Enters. , 390 U.S. 400, 401-02, 88 S.Ct. 964, 965-66, 19 L.Ed.2d 1263 (1968) (per curiam); Parker v. Califano , 561 F.2d 320, 327-28 (D.C. Cir. 1977) ; Smith v. La Cote Basque , 519 F.Supp. 663, 666 (S.D.N.Y. 1981). That said, "we will not substitute 'generalized language' for language 'expressly authorizing the payment of attorneys' fees to the prevailing party.' " Simon Seeding & Sod , 895 N.W.2d at 473 (quoting Botsko v. Davenport Civil Rights Comm'n , 774 N.W.2d 841, 846 (Iowa 2009) ). Yet, we should not seek to evade express attorney fees provisions in civil rights statutes through cramped and technical interpretation.
In this case, the plain language of the Davenport Civil Rights Ordinance expressly authorizes the Davenport Civil Rights Commission to award attorney fees related to the administrative proceedings that occurred in this case. The ordinance provides that the Commission may order payment of attorney fees caused by a discriminatory practice. Davenport, Iowa, Mun. Code § 2.58.175(A)(8). The term "discriminatory practice" is defined in the ordinance as "those practices specified as unlawful or discriminatory in this chapter." Id. § 2.58.030(R). Discriminatory housing practices are among those specified as unlawful in chapter 2.58. Id. § 2.58.300(B). Therefore, the Commission may order payment *574 of attorney fees caused by a discriminatory housing practice. Since this case involved a discriminatory housing practice, the Commission was authorized to award attorney fees in this case. The district court erred in concluding otherwise, and I would reverse the district court ruling that Michelle Schreurs is not entitled to attorney fees before the Commission because they are not authorized by statute. That ruling is wrong.
But there is more. Pursuant to section 2.58.175(A)(8), the Commission "may" award attorney fees. Id. § 2.58.175(A)(8). Because of the term "may," the Commission has discretion under the Ordinance to award attorney fees when a complainant proves a discriminatory practice. The Commission determined that Schreurs proved a discriminatory practice, and the district court has upheld that determination. As a result, the Commission clearly has the power to award Schreurs attorney fees in this case.
The district court, however, vacated the damages award. I agree for the reasons stated by the district court. But because we do not know if the Commission's discretionary decision to award Schreurs attorney fees was influenced by the size of the emotional distress award, I would also vacate the Commission's award of attorney fees and remand the question to the Commission. Once the Commission redetermines the damages issue, it should consider whether to exercise its discretion to award attorney fees.
In reconsidering the discretionary question of whether to award attorney fees incurred for proceedings before the Commission, it is important to note that, unlike section 2.58.350(G), there is no requirement under section 2.58.175(A)(8) that the complainant be a prevailing party. Compare id. § 2.58.350(G), with id. § 2.58.175(A)(8). All that is required under section 2.58.175(A)(8) to permit the Commission to exercise its discretion and award complainant attorney fees is a finding that the respondent engaged in a discriminatory practice. See id. § 2.58.175(A)(8). That predicate has already been established. Yet, the Commission must exercise its discretion anew in the event that it alters the damages award in this case.
II. District Court Authority to Award Attorney Fees.
Schreurs may also be entitled to attorney fees related to the judicial review proceedings before the district court. The ordinance provides that "the court may at its discretion allow the prevailing party, other than the commission, reasonable attorney fees and costs resulting from ... any court proceeding arising" from an administrative proceeding brought under section 2.58.350 of the ordinance. Id. § 2.58.350(G).
Under that provision, Schreurs sought attorney fees for the proceedings before the district court in a posttrial motion. According to Schreurs, she was a "prevailing party" in the district court proceedings because the court affirmed the Commission on liability and remanded for a finding on damages. According to Schreurs, the district court's ruling on the merits of her claim "alter[ed] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Dutcher v. Randall Foods , 546 N.W.2d 889, 895 (Iowa 1996) (quoting Farrar v. Hobby , 506 U.S. 103, 111-12, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992) ).
The district court denied Schreurs's motion. The district court concluded, "[b]ased on the current status of the proceedings, [Schreurs] is not entitled to an award of fees as a prevailing party, since the outcome of this judicial review proceeding did *575 not result in an enforceable judgment against the petitioner." The judicial review proceeding did not render a definitive judgment on whether Schreurs is entitled to damages but only vacated the Commission's $17,500 damages award and remanded the matter to the Commission in order to allow the Commission to consider whether it gave inappropriate consideration of damages arising out of the termination of the tenancy when it calculated the damage award.
On remand, we do not know what the Commission will do. It is certainly possible the Commission will affirm the award on the ground that it already reduced the damages from $35,000 to $17,500 in order to eliminate any recovery based on the termination of the tenancy. Or, the Commission may reduce the $17,500 award to some other figure that is still substantial. We just do not know. At the end of the day, the Commission may affirm the award, and the district court may affirm the new award.
Suppose, for instance, on remand the Commission affirms the $17,500 emotional distress award and the respondent obtains no relief from the Commission. The respondent decides not to appeal. Schreurs has nothing to appeal as she would have prevailed on the key contested issue before the Commission. The matter does not return to district court. In this instance, even though Schreurs has prevailed, and the district court proceedings affirming the Commission's finding of a violation of the Ordinance against a vigorous assault played an essential part in her success, she would not have the opportunity to obtain attorney fees from the district court even though the district court's ruling rejected the respondent's claim on the merits of the civil rights claim and merely remanded the damage award for clarification.
I believe we should reverse the district court's decision and remand the case to the district court with instructions for the district court to issue a limited remand to the Commission under Iowa Rule of Appellate Procedure 6.1004 for the sole purpose of determining the appropriate amount of damages. Once the Commission has made its determination, the district court should then consider the merits of any damages remedy afforded by the Commission. Once the district court has considered the merits of the revised damages, then the district court will be in a position to consider whether Schreurs is a prevailing party in this litigation under section 2.58.350(G) of the ordinance.
Wiggins, J., joins this concurrence in part and dissent in part.