STATE of Iowa, Appellee,

v.

**Sylvester T. GORDON, Appellant.**

No. 94–492.

Court of Appeals of Iowa.

Feb. 28, 1995.

Robert E. Weinberg and R. Douglas Wells of Wells, McNally & Bowman, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Susan Crawford and Ann E. Brenden, Asst. Attys. Gen., William E. Davis, County Atty., and Realff H. Ottesen, Asst. County Atty., for appellee.

Heard by HAYDEN, P.J., and CADY and HUITINK, JJ.

HAYDEN, Presiding Judge.

On October 1, 1991, Davenport police officers placed Lavon McGowan under surveillance for narcotics trafficking. Acting on a confidential informant's lead, the police established surveillance near a residence on Sixteenth Street in Davenport. McGowan arrived at the scene in his truck shortly thereafter. He was accompanied by the defendant, Sylvester Gordon. McGowan parked his truck near the targeted residence, and the two men entered the house, exiting a short time later. From a position approximately ten feet from McGowan's truck, a police officer heard Gordon ask McGowan if he wanted him "to hold the boulders." The officer knew the term "boulder" to be slang for crack cocaine. The officer heard McGowan decline Gordon's offer of assistance and observed McGowan conceal something in the front of his pants.

McGowan and Gordon left the area in their truck and were stopped by police a short distance away. Gordon was searched, and a pager was discovered on his person. McGowan was also searched. The search revealed a plastic bag containing eighteen separate smaller plastic zip-lock bags each containing crack cocaine in the front of McGowan's pants. The police also found $132 in cash and a pager on him.

McGowan and Gordon were charged by trial information with one count of possession of a controlled substance with intent to deliver, in violation of Iowa Code section 204.401(1)(c) (1991) (now section 124.401(1)(c)) and failure to affix a drug tax stamp, in violation of section 421A.12 (1991) (now section 453B.12). Gordon was arraigned on October 29, 1992, and plead not guilty.

A jury trial was waived, and trial proceeded before the court. At trial, Gordon argued the only thing found on him was a pager and his offer to hold the "boulders" did not constitute aiding and abetting since McGowan declined his offer of assistance. He further claimed the mere presence of a pager on his person did not give rise to an inference he had sophisticated knowledge of the drug trade. The trial court concluded Gordon at no time had possession, either actual or constructive, of the crack cocaine. The court determined his reported offer to carry the "boulder" was, in effect, aiding and abetting McGowan's possession. The court further held because Gordon possessed a pager, an inference could be made Gordon had sophisticated knowledge of the drug trade. This knowledge was sufficient for the court to conclude beyond a reasonable doubt he knew McGowan intended to sell the crack cocaine. Gordon's motion for new trial was overruled. Gordon has appealed. We affirm.

## I. *Issues on Appeal.*

Gordon argues the trial court erred in concluding his mere offer to hold the "boulder" established his aiding and abetting McGowan in the selling of crack cocaine. He claims while he may have associated himself with the venture by offering to help, there is no evidence he participated in it or he took any action by which he sought to make the possession successful. He asserts his actions were neither prefatory nor collaborative to McGowan's possession of the crack cocaine. Gordon additionally maintains the trial court erred in finding his possession of a pager gave rise to an inference he had sophisticated knowledge of the drug trade and he knew McGowan intended to deliver and sell the drugs.

## II. *Standard of Review.*

Both of defendant's arguments challenge the sufficiency of the evidence to support the trial court's verdict. In determining whether substantial evidence supports a conviction, we view the evidence in the light most favorable to the State. *State v. Rojas-Cardona*, 503 N.W.2d 591, 594 (Iowa 1993). We draw all fair and reasonable inferences from the evidence, taking all of the evidence into consideration. *Id.* We uphold a jury verdict if there is substantial record evidence to support the verdict. *Id.* Evidence is substantial if it could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* (citing *State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981)).

## III. *Aiding and Abetting.*

Defendant was found guilty of aiding and abetting the possession of crack cocaine with intent to deliver. An aider and abettor in the commission of a public offense is charged, tried, and punished as a principal. Iowa Code § 703.1 (1991). In order to be convicted of a crime upon a theory of aiding and abetting, "the State must produce substantial evidence the accused assented to or lent countenance and approval to the criminal act either by *active participation* in it or by some manner *encouraging* it prior to or at the time of its commission." *State v. Lewis*, 514 N.W.2d 63, 66 (Iowa 1994) (internal quotation omitted, citation omitted, and emphasis added). Furthermore, where intent is an element of the crime charged, as is the case here, the State may convict a defendant on a theory of aiding and abetting "if he participates either with the requisite intent himself or with knowledge the principal possesses the required intent." *State v. Lott*, 255 N.W.2d 105, 109 (Iowa 1977) (citation omitted). Defendant challenges the sufficiency of the evidence with regard to two elements of the crime.

### A. *"Active Participation" or "Encouragement."*

Defendant first argues the evidence failed to show he "actively participated" or "encouraged" the illegal act. We disagree.

In the case at bar, defendant's statement, "Do you want me to hold those boulders?" provides *direct evidence* of his intent. Furthermore, the circumstances strongly support the inference defendant was aiding and abetting the commission of the crime. The record shows defendant's presence with McGowan was not merely incidental. Defendant kept company with McGowan for the duration of the surveillance, including a trip through the drive-up at Hardee's. Defendant and McGowan then briefly entered a residence. The contraband defendant asked to carry was packaged for delivery. Defendant and McGowan were both carrying active pagers, frequently used in narcotics dealing. The totality of the evidence supports the fact finder's reasonable inference defendant was aiding and abetting the offense of possession with intent to deliver crack cocaine.

Defendant relies heavily on the fact McGowan did not allow him to carry the cocaine. However, McGowan's state of mind regarding defendant's level of participation in the crime is not relevant. " 'Guilt of a person charged with aiding and abetting must be determined upon the facts which show the person's part in the crime and does not depend upon another's degree of guilt.' " *Lewis*, 514 N.W.2d at 66 (quoting *State v. Fetters*, 202 N.W.2d 84, 90 (Iowa 1972)). Rather, defendant's intent to participate in or encourage the crime is at issue, and was proven beyond a reasonable doubt.

### B. *Knowledge of Principal's Intent.*

■ Defendant next argues the evidence failed to show he knew McGowan intended to deliver the cocaine. Again, we disagree.

■ Knowledge is a state of mind seldom capable of direct proof, and may be inferred from the circumstances. *See Lewis*, 514 N.W.2d at 66. Defendant contends the trial court, as factfinder, inferred defendant's knowledge from the mere fact he was carrying a pager at the time of his arrest. The trial court determined defendant's possession of a pager suggests sophisticated knowledge of drug trafficking. However, defendant ignores other circumstantial evidence presented to the court which permitted it to draw such an inference.

Again, the factfinder was presented with evidence McGowan's cocaine was packaged for delivery in eighteen separate plastic zip-lock packets. It was reasonable for the factfinder to infer defendant knew the quantity and other attributes of the controlled substance which he offered to carry. Furthermore, the two suspects' brief visit to a residence was indicative of a drug transaction. Defendant's rapport with McGowan, who was under police surveillance for drug trafficking, also supported the inference defendant knew of his friend's participation.

Substantial evidence presented at trial proved defendant's guilt for possessing cocaine with intent to deliver under a theory of aiding and abetting. We affirm defendant's conviction.

**AFFIRMED.**