# IN THE COURT OF APPEALS OF IOWA

No. 13-1393
Filed September 23, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LAURA FRANCINE BATES,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.


Defendant appeals her convictions for conspiracy to deliver a controlled substance (amphetamine) and possession of a controlled substance (amphetamine) with intent to deliver. **AFFIRMED AS MODIFIED.**


Britt Gagne of Gagne Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Alexandra Link, Assistant Attorneys General, John P. Sarcone, County Attorney, and Andrea Petrovich, Assistant County Attorney, for appellee


Considered by Doyle, P.J., Bower, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, Senior Judge.**

Defendant Laura Bates appeals her convictions for conspiracy to deliver a controlled substance (amphetamine) and possession of a controlled substance (amphetamine) with intent to deliver. We find there is sufficient evidence in the record to support her conviction for possession of a controlled substance (amphetamine) with intent to deliver. By not citing any authorities, she has waived her foundational challenge to the admissibility of a jail telephone recording. Also, we find no merit to Bates's challenge to the jail telephone recording based on *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). We affirm her conviction for possession of a controlled substance (amphetamine) with intent to deliver. Her conviction for conspiracy to deliver a controlled substance (amphetamine) must be vacated. We therefore vacate that conviction and affirm the district court's judgment as so modified.

## I.    Background Facts & Proceedings

On March 31, 2013, Officer William Canada of the Windsor Heights Police Department stopped a vehicle owned by Corey Summers for equipment problems. During the encounter Officer Canada found marijuana in the vehicle. Summers testified he sometimes used marijuana and painkillers.[1] Officer Canada asked Summers if he would be willing to provide information for drug cases and Summers agreed. In exchange, Summers was not arrested, and his vehicle was not impounded.

---

[1] Summers testified that between the time he was stopped by Officer Canada and the time of the trial, which commenced on July 15, 2013, he had participated in drug treatment and was no longer using illegal drugs.

Summers informed Officer Canada that Laura Bates was a person involved in the distribution of drugs. From the Windsor Heights police station, Summers called Bates, placing his cell phone on speaker so Officer Canada could hear the conversation. Summers asked Bates, "If she could find me any substances, prescription substances." He told her he was "with younger kids that had a lot of money and that they didn't know what they were doing, they just wanted to get pills." He did not ask for any specific substance, but asked for more than ten pills. Bates responded, "No problem." Summers arranged to meet Bates at a QuikTrip on Hickman Road. Summers called Bates a second time to ask what type of a car she would be arriving in and was told it was a Mercedes.

Officer Canada parked his vehicle across the street from the QuikTrip. A black Mercedes did not signal when turning to enter the QuikTrip parking lot, so Officer Canada stopped the vehicle. Bates and Erlaly Anderson were passengers in the vehicle driven by a third person. A drug-sniffing dog made an indication there were drugs in the vehicle. Officer Canada found a small amount of marijuana on the floor. Anderson had a pill bottle containing eight amphetamine tablets (Adderall) in her shirt.[2] The label on the bottle indicated Anderson had filled a prescription for sixty tablets of Adderall on March 25, 2013. Bates told Officer Canada that Anderson was giving her a ride to Wal-Mart to buy toilet paper. However, Bates did not have any money with her.

---

[2] The bottle also contained one morphine pill. The district court ruled evidence of the morphine pill was not admissible because the charges against Bates and Anderson only referenced amphetamine.

After Bates and Anderson were arrested, Officer Canada listened to a recording of their jail telephone calls. In one call, while discussing the incident with an unknown male, Anderson said, "it was my own stupidity." She also stated, "they had specific numbers, they knew how many we were there to drop off."

Bates and Anderson were charged with conspiracy to deliver a controlled substance (amphetamine), and possession of a controlled substance (amphetamine) with intent to deliver, both in violation of section 124.401(1)(c)(8). Prior to their joint trial Bates made a motion in limine seeking to exclude Anderson's statement that Bates characterized as being to the effect, "It's my own fault that I'm in this situation," pointing out that under *Bruton* a nontestifying codefendant's confession incriminating the defendant is inadmissible under the Confrontation Clause. The district court ruled the statement did not violate *Bruton* because it did not implicate Bates.

During the trial, the State sought to introduce a recording of Anderson's telephone calls. Defense counsel for Bates objected on the ground there had not been a proper foundation to show the telephone calls had been made by Anderson. The court overruled that objection. An audiotape of Anderson's jail telephone calls was then played for the jury.

The jury found Bates guilty of conspiracy to deliver a controlled substance (amphetamine) and possession of a controlled substance (amphetamine) with intent to deliver. The court determined the counts merged for purposes of sentencing. *See* Iowa Code § 706.4. Bates was sentenced to ten years in

prison, the sentence was suspended, and she was placed on probation. Bates now appeals her convictions.

## II.     Sufficiency of the Evidence

Bates contends there is insufficient evidence in the record to support her two convictions. We first address the issue of whether Bates was properly convicted of two offenses, that is whether the charges of conspiracy to deliver a controlled substance and possession of a controlled substance with intent to deliver were separate offenses. We do so because the Double Jeopardy Clause prohibits multiple punishments for the same offense. *State v. Reed*, 618 N.W.2d 327, 335 (Iowa 2000).

In *State v. Maghee*, the defendant was charged with, found guilty of, and sentenced for both possession of a controlled substance with intent to deliver and conspiracy to possess the controlled substance with intent to deliver, both convictions for violating Iowa Code section 124.401(1) (1993). *State v. Maghee*, 573 N.W.2d 1, 3, 7 (Iowa 1997). On appeal the court held that "the conspiracy count was an alternative means of violating Iowa Code section 124.401(1), our present drug trafficking statute," and that Maghee "could only be sentenced for a single offense, a violation of section 124.401(1)." *Id.* at 7.

In an earlier case a defendant was charged in two counts of possession of a controlled substance with intent to deliver, and delivery of the controlled substance, both under section 204.401(1)(a) (1977), the predecessor of section 124.401(1)(c) (1993). *State v. Williams*, 305 N.W.2d 428, 430 (Iowa 1981). The State later sought and was allowed to add a third count, charging conspiracy to

commit the same acts, also under section 204.401(1)(a). *Id.* The defendant was found guilty of all three counts. *Id.* On appeal the defendant contended, among other things, that the court erred in permitting the amendment, asserting it charged a wholly new and different offense. *Id.* He also contended the court erred in sentencing him under all three counts. *Id.*

In dealing with Williams's first contention, the court concluded that section 204.401(1)(a) "is a trafficking statute providing for several means of its violation" and that the amendment thus did not allege a wholly new and different offense. *Id.* at 431. It further concluded that even with the amendment "there was in fact only one offense charged." *Id.* at 432. In dealing with the second contention, the court reiterated that the conspiracy amendment added only an "alternative means of violating section 204.401(1)" rather than a separate offense. *Id.* at 434. The court held: "*Judgment for the three separate 'offenses' must be vacated* and the case remanded for sentencing for one offense, that of violating section 204.401(1)(a)." *Id.* (emphasis added).

In the present case the charges against Bates were (1) possession of a controlled substance with intent to deliver and (2) conspiracy to deliver the controlled substance (both under section 124.401(1)(c)(8) (2013)). In *Williams*, the charges included: (1) possession of a controlled substance with intent to deliver and (2) conspiracy to deliver the controlled substance (both under the predecessor of current section 124.401(1)(c)). *Williams*, 305 N.W.2d at 429-30, 434. In *Williams*, the court held that the *judgment* for the three separate offenses must be vacated and the case remanded for resentencing for one offense, that of

violating section 204.401(1)(a). *Id.* at 434. For the same reasons stated in *Williams*, we conclude that Bates is guilty of only one offense, a violation of section 124.401(1)(c)(8), and her conviction for one of the two "offenses" must be vacated in order that the record shows only one conviction for a violation of section 124.401(1)(c)(8) (2013).[3]

Our review of a claim regarding the sufficiency of the evidence is for the correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We will uphold a jury's verdict if it is supported by substantial evidence. *Id.* "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* We recognize that "the jury [is] free to reject certain evidence, and credit other evidence." *Id.*

For the offense of possession of a controlled substance (amphetamine) with intent to deliver, the State needed to prove:

> 1. On or about March 31, 2013, the defendant knowingly possessed amphetamine.
> 2. The defendant knew that the substance possessed was amphetamine.
> 3. The defendant possessed the substance with the specific intent to deliver it.

The trial information alleged Bates committed the offense of possession of a controlled substance with intent to deliver or aided and abetted in the commission of the offense, and the jury was given instructions on both theories.

---

[3] Where, as here, there can be only one conviction, there are not two sentences to be merged, but only one sentence to be imposed. *See, e.g.*, *State v. Watson*, No. 08-0339, 2009 WL 1492690, at *2 (Iowa Ct. App. May 29, 2009) (vacating defendant's conviction for conspiracy to deliver a controlled substance and finding judgment should be entered only on his conviction for possession with intent to deliver).

"Aiding and abetting occurs when a person actively participates or in some manner encourages the commission of a crime prior to or at the time of its commission." *State v. Maxwell*, 743 N.W.2d 185, 197 (Iowa 2008). A defendant may be found guilty of aiding and abetting another in the possession of a controlled substance with intent to deliver. *See State v. Gordon*, 531 N.W.2d 134, 136 (Iowa Ct. App. 1995).

Thus, rather than considering whether Bates had constructive possession, the jury could find Bates aided and abetted Anderson's actual possession of the amphetamine. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (noting the State may show a defendant had "actual possession" or "constructive possession" of contraband). Summers testified he arranged with Bates to purchase prescription substances from her at the QuikTrip. After making this arrangement, Bates arrived at the QuikTrip with Anderson, who had possession of eight tablets of amphetamine. The jury could infer that Bates was aware the substance possessed by Anderson was amphetamine and that they intended to sell it to Summers. We conclude there is sufficient evidence in the record to support the jury's finding Bates was guilty of possession of a controlled substance (amphetamine) with intent to deliver.

### III. Jail Telephone Calls

**A.** Bates claims the State did not provide a proper foundation for the admission of evidence relating to the jail telephone calls. We first note Bates does not cite any authority in support of her argument on this issue. "Failure to

cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(g)(3). We conclude Bates has waived this issue on appeal.

Furthermore, if the issue had been properly raised on appeal, we would find the State established an adequate foundation for the evidence. Defense counsel objected, stating "I don't think that foundation has been properly laid that the person making these phone calls is Defendant Anderson." Officer Canada testified he searched by name and found the calls attributed to Anderson. He stated he routinely used the system of recorded jail telephone calls in his investigations. We conclude the district court did not abuse its discretion in denying Bates's objection on the ground of foundation. *See State v. Taylor*, 587 N.W.2d 604, 605-06 (Iowa 1998) ("We accord the trial court considerable discretion in assessing the sufficiency of a required foundation.").

**B.** Bates asserts the district court should have granted her motion in limine seeking to exclude the jail telephone call based on the Confrontation Clause and *Bruton*. She objected to Anderson's statement that she paraphrased as saying, "It's my own fault that I'm in this situation." Bates noted she could not cross-examine Anderson if she did not testify, and she was therefore precluded from asking Anderson if she was only talking about herself or if she was discussing the alleged conspiracy.

The district court denied the motion in limine, finding there was no *Bruton* violation. The court found, "that particular piece of evidence does not implicate the other defendant." Our review of a district court ruling on a claimed violation

of the Confrontation Clause is de novo. *State v. Jefferson*, 574 N.W.2d 268, 271 (Iowa 1997).

Bates's arguments are based on *Bruton*, 391 U.S. at 137, 88 S. Ct. at 1628, 20 L. Ed. 2d at 485, which "held that a defendant is deprived of his constitutional right to confront witnesses when his nontestifying codefendant's confession, naming him as a participant in the crime, is placed before the jury at their joint trial." *See Jefferson*, 574 N.W.2d at 272. "In particular, the rule prevents one defendant's confession which implicates the other defendant from being used against the non-confessing defendant unless the confessing defendant takes the stand." *State v. Puffinbarger*, 540 N.W.2d 452, 458 (Iowa Ct. App. 1995). Only statements that are "powerfully incriminating" implicate the *Bruton* rule. *State v. Leutfaimany*, 585 N.W.2d 200, 204 (Iowa 1998) (citing *Bruton*, 391 U.S. at 135, 88 S. Ct. at 1628, 20 L. Ed. 2d at 485).

In the jail telephone call, Anderson made the statement, "Needless to say, it was my own stupidity." This statement does not implicate Bates in any way or name her as a participant in a crime. We conclude the district court properly determined that permitting the jury to hear this statement in the jail telephone call did not violate Bates's rights under the Confrontation Clause, as interpreted in *Bruton*.

On appeal, Bates raises arguments based on other statements in the jail telephone call. These arguments were not raised before the district court or ruled upon by the court. We conclude they have not been preserved for our

review.  *See Jefferson*, 574 N.W.2d at 278 (noting issues must be presented to and passed upon by the district court before they may be raised on appeal).

We affirm Bates's conviction for possession of a controlled substance (amphetamine) with intent to deliver.  Her conviction for conspiracy to deliver a controlled substance (amphetamine) must be vacated.  We vacate the conspiracy conviction and affirm the district court's judgment as so modified.

**AFFIRMED AS MODIFIED.**