# IN THE COURT OF APPEALS OF IOWA

No. 17-1478
Filed May 1, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JULIE ANN BREEDING,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


        Julie Ann Breeding appeals following her convictions for possession of methamphetamine with intent to deliver and failure to possess a drug tax stamp as a second or subsequent offender.  **AFFIRMED.**


        Thomas A. Hurd of Glazebrook, Greenberg & Hurd, LLP, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Katie M. Krickbaum, Assistant Attorney General, for appellee.


        Considered by Vogel, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, Judge.**

A jury found Julie Ann Breeding guilty of possession of methamphetamine with intent to deliver and failure to possess a drug tax stamp as a second or subsequent offender. *See* Iowa Code §§ 124.401(b)(7), 124.411, 453B.3, 453B.12 (2016). The district court subsequently imposed sentences.

On appeal, Breeding argues (1) the evidence was insufficient to support the findings of guilt, (2) her trial attorney was ineffective in failing to object to portions of the State's closing argument on the basis of prosecutorial misconduct, and (3) the district court erred and abused its discretion in imposing sentence on the possession count.

## I.    *Sufficiency of the Evidence*

Breeding contends "there was insufficient evidence from which a rational trier of fact could conclude [she] was guilty of aiding and abetting" the offenses. The State responds that Breeding failed to preserve error because, when she moved for judgment of acquittal, she did not specifically mention aiding and abetting. But, as the State acknowledges, the theory was discussed by the prosecutor in her response to the motion. Specifically, the prosecutor stated "the element of intent, we have proven, at least by an aiding and abetting theory." There also was an extensive discussion of the aiding and abetting theory in connection with the drug-tax-stamp charge. It is evident from the discussion that all concerned knew the theory was in play. We conclude error was preserved. *See State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005) ("[W]e recognize an exception to the general error-preservation rule when the record indicates that the grounds for a motion were obvious and understood by the trial court and counsel.");

*State v. Pena*, No. 12-0082, 2013 WL 5745608, at *2 (Iowa Ct. App. Oct. 23, 2013) ("When it is obvious all are aware of the nature of the claimed defect in the State's case raised by the motion error is preserved.").

We proceed to the merits. We will uphold a finding of guilt if it is supported by substantial evidence. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

The jury was instructed the State would have to prove the following elements of possession of a controlled substance with intent to deliver either as a principal or aider and abettor:

> 1. On or about September 26, 2016, the defendant or someone she aided and abetted knowingly possessed methamphetamine.
> 2. The defendant or someone she aided and abetted knew that the substance possessed was methamphetamine.
> 3. The defendant or someone she aided and abetted possessed the substance with the specific intent to deliver it.

The tax-stamp count similarly allowed a jury to finding guilt based on aiding and abetting. "Aid and abet" was defined for the jury as follows:

> [T]o knowingly approve and agree to the commission of a crime, either by active participation in it or by knowingly advising or encouraging the act in some way before or when it is committed. Conduct following the crime may be considered only as it may tend to prove the defendant's earlier participation. Mere nearness to, or presence at, the scene of the crime, without more evidence, is not "aiding and abetting." Likewise, mere knowledge of the crime is not enough to prove "aiding and abetting."

A reasonable juror could have found the following facts. A Des Moines narcotics investigator contacted a senior Des Moines police officer about a red Corvette being driven by the subject of a drug investigation. The senior officer stopped the vehicle based on the absence of permanent or temporary license plates. The officer arrested the driver.

Breeding was in the front passenger seat. The officer asked her to get out of the vehicle and sit in front of his squad car. A car video showed her pulling something from below her belt and putting it between the hood and "push bumper" of the squad car. Officers later found "several small bags of a white crystal substance that resembled methamphetamine on the push bumper." According to the narcotics investigator who arrived at the scene, the drugs were discovered "[d]irectly behind where she was standing." The investigator testified the baggies contained amounts "consistently sold on the streets of Des Moines and very indicative of drug trafficking."

Breeding spoke to the narcotics investigator and admitted the substance in the baggies was methamphetamine. According to the investigator, she also "stated that she occasionally shares with people" and "would have shared [the drug] with several friends."

A reasonable juror could have found Breeding either actively participated in the crime of possession with intent to deliver or knowingly encouraged the crime. *See State v. Gordon*, 531 N.W.2d 134, 137 (Iowa Ct. App. 1995) ("The totality of the evidence supports the fact finder's reasonable inference defendant was aiding and abetting the offense of possession with intent to deliver crack cocaine."); *State v. Bates*, No. 13-1393, 2015 WL 5579693, at *4 (Iowa Ct. App. Sept. 23, 2015) (finding "sufficient evidence in the record to support the jury's finding [the defendant] was guilty of possession of a controlled substance with intent to deliver" based on an aiding and abetting theory); *cf. State v. Young*, No 15-1748, 2016 WL 4054252, at *2 (Iowa Ct. App. July 27, 2016) ("It is the intent to transfer possession,

not the intent to sell, that determines whether a person has the intent to deliver drugs.").

In reaching this conclusion, we acknowledge the existence of other evidence that would have allowed the jury to reach a contrary finding. Specifically, Breeding's phone contained "no evidence of drug dealing," $503 in cash found with Breeding may not have been "drug money" as the investigator assumed but gambling winnings, and the driver "tosse[d]" her all but two small baggies of methamphetamine as the police approached. Although this evidence might give us pause, "[i]nherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence." *Id.* (citation omitted). Substantial evidence supported the jury's findings of guilt.

We turn to the tax-stamp violation. Although Breeding vociferously argues she had no opportunity to obtain a drug tax stamp for the bag of drugs that was tossed to her, the Iowa Supreme Court has rejected analogous impossibility arguments. *See State v. Predka*, 555 N.W.2d 202, 215 (Iowa 1996) (finding impossibility argument "spurious"); *State v. White*, 545 N.W.2d 552, 556 (Iowa 1996) (stating rules provide "the tax stamps must be affixed instantly"). As the district court stated, "[T]he supreme court's view on ability, timing, and immediacy of placement of tax stamps and security tax stamps is pretty stringent." We concur, and we affirm the jury's finding of guilt for failure to affix a drug tax stamp.

## II.     *Prosecutorial Misconduct*

Breeding argues the prosecutor engaged in misconduct during closing argument by referencing (A) her intent to get high, (B) her refusal to tell the officers

she was in possession of methamphetamine, (C) her prior use of drugs, and (D) her relapse despite treatment and family support. Breeding concedes her attorney failed to make an on-the-record objection to these references.[1] She asks us to review the issue under an ineffective-assistance-of-counsel rubric. We find the record inadequate to address the issue. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the record is insufficient to allow for a review on direct appeal, we do not reach the issue on direct appeal and allow the defendant to raise the claim in a separate postconviction-relief action."). Accordingly, we preserve the issue for possible postconviction relief.

### III.    Sentencing Decision

A class "B" felony such as possession of more than five grams of methamphetamine with intent to deliver is punishable by a prison term not exceeding twenty-five years. *See* Iowa Code § 902.9(1)(b). A person convicted of a second or subsequent offense under chapter 124 may have the punishment tripled. *See id.* § 124.411.

Subject to certain exceptions, a person sentenced for a violation of section 124.401(1)(b) "shall not be eligible for parole or work release until the person has served a minimum term of confinement of one-third of the maximum indeterminate sentence prescribed by law." *Id.* § 124.413(1). That minimum term may be reduced by fifty percent. *Id.* § 124.413(3); *see also id.* § 901.11(1).

Relying on section 124.411, the prosecutor asserted the court had "the discretion here to impose an indeterminate term of anywhere between 25 and 75"

---

[1] Counsel sought and obtained a sidebar with the district court, but the conversation was unreported.

years. She recommended a prison term not exceeding fifty years on the possession-with-intent-to-deliver count. Defense counsel essentially conceded the applicability of section 124.411 but argued against invoking it. Counsel recommended imposition of the statutorily prescribed twenty-five-year prison term set forth in section 902.9(1)(b).

The district court declined to double the prescribed term, reasoning a fifty-year sentence would amount to a life sentence, given Breeding's age. The court sentenced Breeding to a prison term not exceeding twenty-five years with a one-third mandatory minimum on the possession count. The court also imposed a five-year indeterminate sentence on the drug-tax-stamp count. The prison terms were ordered to run concurrently.

Breeding contends the district court misstated the sentence that could be imposed on the possession count. In her view, the court "erroneously believed it was bound to sentence [her] at a minimum to a 25-year term of confinement." Citing Iowa Code section 901.5(2), she posits that the court could have elected to simply impose a fine. Section 901.5(2) states, "If the defendant is not an habitual offender as defined by section 902.8, the court may pronounce judgment and impose a fine." We find the provision inapposite.

As Breeding acknowledges, the court is prohibited from deferring judgment for a violation of section 124.401(1)(b)(7). *See id.* § 907.3(1)(a)(5). The court also is prohibited from deferring sentence for a violation of section 124.401(1)(b)(7). *See id.* § 907.3(2)(a)(1). And the court may not suspend the sentence for violation of section 124.401(1)(b)(7). *See id.* § 907.3(3)(e). In light of these clear directives, we are not convinced the district court had discretion to withhold a prison term and,

by so doing, sidestep the one-third mandatory minimum term prescribed by section 124.413. In short, the court had no discretion to impose a fine in lieu of incarceration. The court was obligated to impose a prison sentence for violation of section 124.401(1)(b)(7).

Breeding also argues the district court failed to exercise discretion in imposing sentence. She cites Iowa Code sections 124.413(3) and 901.11(1) for the proposition that the court could have reduced the mandatory minimum sentence by one-half.

Breeding is correct that the one-third mandatory minimum term prescribed by Iowa Code section 124.413(1) is subject to a fifty-percent reduction under section 124.413(3). She is also correct that section 901.11 requires a court to consider "all the pertinent information in deciding when a person shall first become eligible for parole or work release." But a separate provision precludes even a first-time offender from receiving "any reduction of sentence" for a violation of section 124.401(1)(b)(7), "unless the defendant pleads guilty." *Id.* § 901.10(2). The provision applies to "amphetamine or methamphetamine" offenses. It is well established that "[t]o the extent there is a conflict or ambiguity between specific and general statutes, the provisions of the specific statutes control." *Seeberger v. Davenport Civil Rights Comm'n*, 923 N.W.2d 564, 571 (Iowa 2019) (internal quotation marks and citation omitted). It stands to reason there can be no reduction of the one-third mandatory minimum for a second offender.

We affirm the jury's findings of guilt and the district court's sentences. We preserve the prosecutorial-misconduct claim for possible postconviction relief.

**AFFIRMED.**