# IN THE SUPREME COURT OF IOWA

No. 16–1534

Filed February 15, 2019

**THERESA SEEBERGER,**

Appellee,

vs.

**DAVENPORT CIVIL RIGHTS COMMISSION,**

Appellant,

and

**MICHELLE SCHREURS,**

Intervenor-Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

Landlord seeks further review of court of appeals decision affirming damage award for housing discrimination and restoring attorney fee award. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

Latrice L. Lacey of Davenport Civil Rights Commission, Davenport, for appellant.

Dorothy A. O'Brien of O'Brien & Marquard, P.L.C., Davenport, for intervenor-appellant.

Randall D. Armentrout, Katie L. Graham, and Ryan G. Koopmans (until withdrawal) of Nyemaster Goode, P.C., Des Moines, for appellee.

**WATERMAN, Justice.**

In this case, we must decide whether the court of appeals erred in awarding attorney fees incurred in agency proceedings under a fee-shifting provision in Division II of the Davenport Civil Rights Ordinance for a housing discrimination violation charged under Division III that lacks a corresponding fee-shifting remedy. The owner of a single-family home terminated the lease of a tenant whose daughter became pregnant, resulting in a complaint filed with the Davenport Civil Rights Commission (Commission) alleging discrimination based on familial status in violation of the Davenport Civil Rights Ordinance and the Federal Fair Housing Act (FHA). The landlord responded that her comments and actions were protected under the First Amendment. An administrative law judge (ALJ) found the landlord committed the Division III fair housing violation, awarded the tenant $35,000 in damages for emotional distress and $23,882 in attorney fees and costs, and imposed a $10,000 civil penalty. The Commission approved the ALJ's decision except that it reduced the emotional distress award to $17,500. On judicial review, the district court rejected the landlord's free speech defense but reversed the damages award and civil penalty based on a "small landlord" exemption in the Ordinance and directed the Commission to recalculate those amounts. The district court vacated the fee award, ruling that the fee-shifting provision in Division II was inapplicable and that fees could not be awarded by the Commission under the FHA. All parties appealed, and we transferred the case to the court of appeals, which reinstated the fee award under Division II of the Ordinance. We granted the landlord's application for further review.

On our review, we elect to allow the court of appeals decision to stand on all issues except the award of fees incurred in the agency

proceedings. For the reasons elaborated below, we hold the fee-shifting provision in Division II of the Ordinance is inapplicable to the fair housing violation in Division III. We also hold the Commission could not award fees under the FHA. Accordingly, we affirm the district court judgment.

## I. Background Facts and Proceedings.

In 2011, Theresa Seeberger purchased a three-bedroom, single-family home on North Ripley Street in Davenport. Seeberger lived in the house with her four cats until she got married in 2012. Her spouse was allergic to cats. When Seeberger moved out of the North Ripley house, she left behind her cats, much of her clothing, and some furniture. Seeberger visited the house almost daily to feed her cats.

In December 2012, Seeberger began renting out bedrooms in the house. In August 2013, Michelle Schreurs and her fifteen-year-old daughter rented one of the bedrooms. There was no written lease, but Schreurs agreed to pay $300 monthly in rent. Although two other tenants lived in the house when they moved in, by July 2014, Schreurs and her daughter were the only tenants.

On September 16, Seeberger visited the house and found prenatal vitamins on the kitchen counter. She took a photo of the vitamins with her cell phone and sent the photo to Schreurs with a text asking, "Something I should know about?"

The following day, Seeberger returned and was at the house when Schreurs arrived home from work. Seeberger asked if Schreurs had received the text message and again asked about the prenatal vitamins. Schreurs excitedly told Seeberger that her daughter was pregnant. Seeberger paused for a moment and then responded that Schreurs and her daughter would have to move out in thirty days. When asked why,

Seeberger stated, "You don't even pay rent on time the way it is, and . . . [n]ow you're going to bring another person into the mix." Noting the prenatal vitamins, Seeberger continued, "[O]bviously you're going to keep the baby." The following day, Seeberger left a letter at the house informing Schreurs that her lease would expire on October 19. Schreurs and her daughter moved out October 5.

In November, Schreurs filed a complaint with the Davenport Civil Rights Commission. She amended her complaint twice, ultimately claiming that Seeberger discriminated against her based on familial status in violation of Division III, section 2.58.305(C) of the Davenport Municipal Code (2014),[1] and § 804(c) of the FHA.[2] As a small landlord, Seeberger was only liable for the alleged discriminatory *statements* she made in violation of section 2.58.305(C). Seeberger was exempt from liability under the remaining subsections of section 2.58.305, including any liability for terminating Schreur's tenancy. *See* Davenport, Iowa, Mun. Code § 2.58.310 (exempting small landlords from liability for subsections 2.58.305(A), (B), (D), (E), and (F)).[3] The Commission

---

[1]Davenport Municipal Code section 2.58.305(C) provides that the following is unlawful:

> To make, print or publish, or cause to be made, printed or published any notice, statement or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, creed, religion, sex, national origin or ancestry, age, familial status, marital status, disability, gender identity, or sexual orientation or an intention to make any such preference, limitation or discrimination.

Davenport, Iowa, Mun. Code § 2.58.305(C).

[2]Codified at 42 U.S.C. § 3604(c) (2012).

[3]The Municipal Code exempts, subject to certain conditions, "[a]ny single-family house sold or rented by an owner" and rooms in a dwelling that have "living quarters occupied or intended to be occupied by no more than four (4) families living independently of each other, if the owner actually maintains and occupies one of such living quarters of his residence." Davenport, Iowa, Mun. Code § 2.58.310(A)(1)–(2). There are similar exemptions under the FHA. 42 U.S.C. § 3603(b)(1)–(2). The latter

conducted an investigation. In March 2015, the director of the Commission issued a probable cause finding, concluding that there was probable cause to find Seeberger had discriminated against Schreurs based on familial status in violation of section 2.58.305(C) and the FHA, 42 U.S.C. § 3604(c).

The complaint was set for a public hearing before an ALJ. After the hearing, the ALJ issued a ruling finding that "[a]n ordinary listener listening to Seeberger's statements would find her statements discriminatory on the basis of familial status" and that "Seeberger engaged in a discriminatory housing practice by making the statements." The ALJ issued a cease and desist order, awarded Schreurs $35,000 in emotional distress damages, and assessed a $10,000 civil penalty against Seeberger. On December 23, Schreurs filed an application for attorney fees. Seeberger resisted. The ALJ found that Schreurs was entitled to attorney fees under Davenport Municipal Code section 2.58.350(G) and awarded Schreurs $23,200 in attorney fees and $681.80 in costs.

In January 2016, the Commission approved the ALJ's decision, except that it reduced the award of emotional distress damages to $17,500. The Commission also approved the ALJ's decision with regard to attorney fees and costs and determined Seeberger was responsible for the costs of the hearing.

Seeberger filed a petition for judicial review. Seeberger argued, among other things, that the Ordinance violated her right to free speech under the United States and Iowa Constitutions and did not authorize an

---

exemption is known "as the 'Mrs. Murphy' exemption on the theory then that the statute did not reach the metaphorical 'Mrs. Murphy's boardinghouse.'" *United States v. Space Hunters, Inc.*, 429 F.3d 416, 425 (2d Cir. 2005).

award of attorney fees incurred in the agency proceedings. Schreurs intervened in the judicial review proceedings. Schreurs and the Commission argued that Seeberger's statements were not protected speech and that Schreurs was entitled to attorney fees under Davenport Municipal Code section 2.58.175(A)(8) in Division II of the Ordinance and under the FHA, 42 U.S.C. § 3612(p).

The district court concluded that Seeberger's statements were not protected speech under the First Amendment of the United States Constitution or article I, section 7 of the Iowa Constitution. The court found that, contrary to the limitation of liability for small landlords, "the damages that were awarded were tied to the termination of the tenancy by [Seeberger], not just her discriminatory statements." The court reversed the damages award and civil penalty, concluding,

> Although the [Commission] reduced the ALJ's award by half, there is no analysis that would reflect whether they differentiated between damages properly related to the discriminatory statement and improperly related to the termination of the tenancy. As a result, the award of damages to [Schreurs] was improper and should be reversed. As it is unclear whether the [Commission's] calculation of an appropriate civil penalty may have relied upon such an improper causal connection, that penalty should also be reversed.

The district court also concluded that Davenport Municipal Code section 2.58.175(A)(8) "does not clearly authorize an award of attorney fees in the context of a discriminatory housing practice." The district court vacated the attorney fees award.

Schreurs and the Commission moved for additional findings. They requested the court reconsider its ruling on attorney fees under section 2.58.175(A)(8) and expand its findings to address whether Schreurs was entitled to fees under the FHA. The Commission also asked the court to award attorney fees under section 2.58.350(G). Both Schreurs and

Seeberger requested an award of fees incurred during the judicial review proceedings.

The district court denied all of the motions. The court declined to reconsider its ruling disallowing fees under section 2.58.175(A)(8). The court concluded that "the mere fact that the . . . complaint was cross-filed with the federal authorities does not expand the [Commission's] authority to award attorney fees beyond what is allowed under the city ordinance" and fees under the FHA "were unavailable to [Schreurs] in her state court proceeding." The court concluded that Schreurs waived her claim to attorney fees under Municipal Code section 2.58.350(G). Finally, the district court declined to award attorney fees to either Seeberger or Schreurs for fees incurred during judicial review.

All parties appealed. We transferred the case to the court of appeals. The court of appeals concluded that the Davenport Municipal Code was not unconstitutional as applied to Seeberger and did not infringe upon her right to free speech. The court of appeals also concluded that Schreurs was entitled to attorney fees under Municipal Code section 2.58.175(A)(8) and reversed the district court's denial of fees. Finally, the court of appeals concluded the district court's denial of fees for the judicial review proceedings was not "clearly unreasonable or untenable," and affirmed the district court on that ground.

Seeberger filed an application for further review.[4] We granted her application.

## II. Scope of Review.

On further review, we have the discretion to "review any or all of the issues raised on appeal." *Cote v. Derby Ins. Agency, Inc.*, 908 N.W.2d

---

[4]Neither Schreurs nor the Commission applied for further review.

861, 864 (Iowa 2018) (quoting *Papillon v. Jones*, 892 N.W.2d 763, 769 (Iowa 2017)). We choose to confine our review to the award of attorney fees incurred in the agency proceedings and let the court of appeals decision stand as the final decision on the remaining issues. *See id.* We review the district court's ruling construing the Ordinance for correction of errors at law. *Simon Seeding & Sod, Inc. v. Dubuque Human Rights Comm'n*, 895 N.W.2d 446, 455 (Iowa 2017).

### III. Analysis.

We must construe the Davenport Civil Rights Ordinance to determine whether the district court correctly ruled that the fee-shifting provision in Division II is inapplicable to a housing discrimination complaint prosecuted under Division III. We must also decide whether the district court correctly ruled that the Commission lacked authority to award fees under the FHA. We address each issue in turn. We begin with an overview of fee awards under local civil rights ordinances.

### A. Attorney Fee Awards Under Municipal Civil Rights Ordinances.

> We reiterate the importance of fee awards in civil rights cases: "The reason a successful civil rights litigant is entitled to attorney fees 'is to ensure that private citizens can afford to pursue the legal actions necessary to advance the public interest vindicated by the policies of civil rights acts.' "

*Simon Seeding & Sod, Inc.*, 895 N.W.2d at 473 (quoting *Lynch v. City of Des Moines*, 464 N.W.2d 236, 239 (Iowa 1990)). But we require that the ordinance "contain[] an express provision clearly authorizing an award of attorneys' fees." *Id.* (quoting *Botsko v. Davenport Civil Rights Comm'n*, 774 N.W.2d 841, 846 (Iowa 2009)). This is "because attorneys' fee awards are a derogation of the common law, they 'are generally not recoverable as damages in the absence of a statute or a provision in a

written contract.' " *Botsko*, 774 N.W.2d at 845 (quoting *Kent v. Emp't Appeal Bd.*, 498 N.W.2d 687, 689 (Iowa 1993)). "Our demanding approach is consistent with cases in other jurisdictions which reject awarding statutory attorneys' fees by implication and require express language." *Id.*

In *Botsko*, the issue was "whether the ordinance enacted by the City of Davenport at the time of this proceeding contained an express provision clearly authorizing an award of attorneys' fees." *Id.* at 846. We held the operative provision of the ordinance at the relevant time did not allow fees. *Id.* ("[W]e will not read into the ordinance a fee-shifting provision when the local legislative body did not approve one."). We rejected the argument that a fee-shifting provision should be implied because the ordinance was intended to execute the policies of the Iowa Civil Rights Act, which contains an express fee-shifting provision. *Id.* at 845–46.

The city subsequently amended Division II of its ordinance to add section 2.58.175(A)(8). *Id.* at 845 n.2. The fighting issue today is whether section 2.58.175(A)(8) applies to a fair-housing violation charged under Division III.

**B. Attorney Fees for the Agency Proceedings.** The Davenport Civil Rights Ordinance is organized into three divisions: Division I—General, Division II—Unfair Practices, and Division III—Fair Housing. It is undisputed that Seeberger was charged with a fair housing violation under Division III and was not charged with violating any provision under Division II. Notably, Division II expressly allows fee awards for the agency proceedings while the corresponding remedy section in Division III does not. We conclude the terms of Division III control.

1. *Division III—fair housing.* Schreurs filed her discrimination complaint under, and Seeberger was found to have violated, Davenport Municipal Code section 2.58.305(C). This section is located under Division III, the fair housing provision of the civil rights ordinance. Division III expressly provides the relief an ALJ may order when the respondent has engaged in a discriminatory housing practice:

> If the administrative law judge finds that a respondent has engaged in or is about to engage in a discriminatory housing practice, such administrative law judge shall promptly issue an order for such relief as may be appropriate, which may include actual damages suffered by the aggrieved person and injunctive or other equitable relief. Such order may, to vindicate the public interest, assess a civil penalty against the respondent in an amount not to exceed those established by the Federal Fair Housing Act in 42 U.S.C. Section 3612.

*Id.* § 2.58.340(F)(3). This section does not provide for attorney fees. *Id.*

The housing discrimination division allows a discretionary attorney fee award in a different section governing judicial review. *Id.* § 2.58.350(G). Section 2.58.350 is titled "FAIR HOUSING—Judicial Review" and subsection (G) states,

> G. "Attorney Fees:" The administrative law judge or the court may at its discretion allow the prevailing party, other than the commission, reasonable attorney fees and costs resulting from any administrative proceeding brought under this section, any court proceeding arising therefrom, or any civil action.

*Id.* § 2.58.350(G).

Schreurs argues that she is entitled to an award of attorney fees under section 2.58.350(G). She made her request for fees under this provision at the agency level. The ALJ, relying on section 2.58.350(G), awarded Schreurs $23,200 in attorney fees. The Commission affirmed the ALJ's award of attorney fees.

On judicial review, however, Schreurs argued that she was entitled to fees under a different provision not in the fair housing section, section 2.58.175(A)(8). The district court rejected that argument, determining that the fee-shifting provision in Division II was inapplicable to the fair housing violation charged under Division III. We agree, but first address the on-and-off-again reliance by Schreurs on section 2.58.350(G).

In its ruling on the petition for judicial review, the district court found that the parties had conceded that section 2.58.350(G) governing judicial review did not apply to fees previously incurred in the agency proceedings. The Commission and Schreurs then invoked section 2.58.350(G) in a rule 1.904(2) motion, which the district court denied, stating the parties had waived that argument. On appeal, the Commission and Schreurs relied on section 2.58.175(A)(8) and the FHA and argued section 2.58.350(G) as an alternative ground for reinstating the fee award. The court of appeals stated, "Schreurs and the Commission did not argue on judicial review that Schreurs was entitled to fees under the municipal code provision the ALJ actually awarded them, section 2.58.350(G)." The court of appeals reversed the district court based on section 2.58.175(A)(8) alone and concluded, "This disposition makes it unnecessary for us to decide whether Schreurs was entitled to attorney fees under 2.58.350(G) or, in the alternative, the FHA."[5]

We agree with the district court that Schreurs and the Commission waived any claim to fees under section 2.58.350(G) by not raising that ground in district court until after the court filed its decision on judicial

---

[5]In resisting Seeberger's application for further review, Schreurs and the Commission rely solely on section 2.58.175(A)(8) and the FHA without mentioning section 2.58.350(G).

review vacating the fee award. Having waived that ground in district court, those parties could not revive it in their appellate briefings. Accordingly, we confine our analysis to whether section 2.58.175(A)(8) of Division II applies to this Division III fair housing violation.

2. *Division II—unfair practices.* Schreurs argues that she is entitled to an award of attorney fees under Division II—Unfair Practices. Division II lists discriminatory practices including employment, accommodation, retaliation, and education. *See* Davenport, Iowa, Mun. Code § 2.58.100 (employment); *id.* § 2.58.110 (accommodations or services); *id.* § 2.58.120 (credit); *id.* § 2.58.125 (education); *id.* § 2.58.130 (aiding and abetting); *id.* § 2.58.140 (retaliation). Another section of Division II states that

> if the Commission determines the respondent has engaged in a discriminatory practice, the Commission shall issue an order requiring the respondent to cease from the discriminatory practice and to take necessary remedial action as in the judgment of the commission will carry out the purposes of this chapter.

*Id.* § 2.58.170(L). Section 2.58.175 in Division II is titled "Remedial Action," and subsection (A)(8) provides,

> A. The remedial action ordered by the Commission may include the following actions to be taken by respondent, in addition to any other remedy allowed by law:
>
> . . . .
>
> 8. Payment to the complainant of damages for an injury caused by the discriminatory practice which damages shall include but are not limited to back pay, front pay, all economic damages, emotional distress damages, *and reasonable attorney fees*.

*Id.* § 2.58.175(A)(8) (emphasis added).

Schreurs argues that section 2.58.175(A)(8) is a general remedial provision pertaining to all areas of discrimination, including housing discrimination under Division III. Schreurs points to section

2.58.175(A)(4), which enumerates "[s]ale, exchange, lease, rental, assignment or sublease of real property" as a possible remedial action. Schreurs argues that because there is no language in Division II's remedy provision excluding housing discrimination, the agency was free to award attorney fees based on its plain language. The Commission notes the ambiguity of the city's civil rights ordinance, but argues that all of the divisions are to be read together.

The district court noted that section 2.58.175(A)(8) was listed in Division II under a section titled "Remedial Action," which appears after the part of the ordinance governing complaints of unfair practices in areas other than housing. The district court noted that the procedures in Division II differ from the procedures in Division III for discriminatory housing practices. The district court ruled that Schreurs was not entitled to an award of attorney fees under section 2.58.175(A)(8).

On appeal, the court of appeals noted the differences between Divisions II and III but stated, "[B]ased on the plain language and statutory scheme of the ordinance, we conclude the remedial action provision in division two, section 2.58.175, encompasses all areas of discrimination, including housing." The court of appeals reinstated the attorney fee award based on section 2.58.175(A)(8) alone. We disagree.

We decline to transport the remedy provision from Division II to Division III. To do so would render superfluous the remedies expressly allowed in Division III, section 2.58.340(F)(3) (providing for an award of actual damages, civil penalties, and equitable relief). *See Oyens Feed & Supply, Inc. v. Primebank*, 808 N.W.2d 186, 193 (Iowa 2011) (preferring interpretation that gives effect to all terms and avoids surplusage). Moreover, Division III specifically governs fair housing complaints. "To the extent 'there is a conflict or ambiguity between specific and general

statutes, the provisions of the specific statutes control.'" *Id.* at 194 (quoting *Freedom Fin. Bank v. Estate of Boesen,* 805 N.W.2d 802, 815 (Iowa 2011)).

We find no language in either division indicating that a violation of Division III is governed by the remedy provision in Division II. Rather, each division provides its own specific remedies and exemptions. *See Shumate v. Drake Univ.,* 846 N.W.2d 503, 512–13 (Iowa 2014) (declining to find an implied private right to sue under Iowa Code chapter 216C when the legislature expressly provided a private right to sue in chapter 216E).

Tellingly, the city chose to include a fee-shifting provision for agency proceedings under Division II but not in the corresponding remedy provision in Division III. We assume that omission was intentional. *See Shumate,* 846 N.W.2d at 513 ("We find these omissions telling."); *Oyens,* 808 N.W.2d at 193 (noting legislative intent is expressed by omission as well as inclusion of terms and selective placement of term is presumed intentional). If the city wanted to allow fee-shifting for litigating fair housing complaints under Division III, presumably it would have said so in section 2.58.340(F)(3). *See Oyens,* 808 N.W.2d at 194. We will not expand the relief allowed in that provision in the guise of interpretation. To do so would violate our mandate that fee-shifting provisions in ordinances must be clearly expressed within the terms of the ordinance, not implied. *Botsko,* 774 N.W.2d at 846.

3. *Fair Housing Act.* Finally, Schreurs argues she is entitled to an award of attorney fees under the FHA. The district court rejected that argument, and the court of appeals declined to reach it. The FHA allows a discretionary fee-shifting award:

> In any administrative proceeding brought under this section, or any court proceeding arising therefrom, or any civil action under this section, the administrative law judge or the court, as the case may be, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs.

42 U.S.C. § 3612(p).

Seeberger argues that the Commission does not have the authority to award damages under the FHA. Schreurs and the Commission argue that the Commission may award fees under the FHA and that failing to award fees under the FHA ignores the long-standing file-sharing agreement between administrative agencies. The district court ruled the Commission could only award attorney fees authorized under the Municipal Code and Schreurs would have to pursue attorney fees under the FHA in a federal action.

In *Van Meter Industries v. Mason City Human Rights Commission,* we rejected the argument that a local civil rights commission could award punitive damages under a federal statute. 675 N.W.2d 503, 516–17 (Iowa 2004).

> [The plaintiff's] argument ignores the limited jurisdiction of this local civil rights commission. Under Iowa Code section 216.5, the Iowa Civil Rights Commission is given the power to determine complaints alleging an unfair or discriminatory practice *under Iowa Code chapter 216.* In addition, a city may create a local civil rights commission to protect the rights of citizens secured by the Iowa Civil Rights Act. Thus, the Commission in this case acted under the authority and subject to the limitations of chapter 216, not federal law. Therefore, it correctly determined that it had no power to award punitive damages.

*Id.* (citations omitted).

The same reasoning applies with regard to an award of attorney fees by the Commission under federal law. *See also* Iowa Code § 216.19(1) (2015) ("All cities shall, to the extent possible, protect the

rights of the citizens of this state *secured by the Iowa civil rights Act.*" (Emphasis added.)).

Schreurs relies on *Dutcher v. Randall Foods*, 546 N.W.2d 889 (Iowa 1996), in support of her argument. Her reliance on *Dutcher* is misplaced. *Dutcher* involved a court declining to award attorney fees pursuant to the Fair Labor Standards Act after a jury rendered a verdict and awarded damages in favor of the plaintiff. *Id.* at 894–95. That case did not involve a municipal civil rights commission awarding attorney fees under federal law. The Commission argues that the Iowa Civil Rights Act permits an award of attorney fees in fair housing cases. However, the Commission did not award, and Schreurs is not requesting, an award of attorney fees under the Iowa Civil Rights Act. We conclude the district court correctly denied an award of attorney fees under the FHA.

**IV. Conclusion.**

For the above reasons, we vacate the decision of the court of appeals awarding attorney fees for the agency proceedings, affirm the court of appeals decision on the remaining issues, and affirm the judgment of the district court.

**DECISION OF THE COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Appel and Wiggins, JJ., who concur in part and dissent in part.

#16–1534, *Seeberger v. Davenport Civil Rights Comm'n*

**APPEL, Justice (concurring in part and dissenting in part).**

I concur in part and dissent in part.

**I. Commission Authority to Award Attorney Fees for Proceedings Before the Commission.**

We recently reiterated the importance of the availability of attorney fees in civil rights cases. *Simon Seeding & Sod, Inc. v. Dubuque Human Rights Comm'n*, 895 N.W.2d 446, 473 (Iowa 2017). Our cases have long explained that "[t]he reason a successful civil rights litigant is entitled to attorney fees 'is to ensure that private citizens can afford to pursue the legal actions necessary to advance the public interest vindicated by the policies of civil rights acts.' " *Lynch v. City of Des Moines*, 464 N.W.2d 236, 239 (Iowa 1990) (quoting *Ayala v. Ctr. Line, Inc.*, 415 N.W.2d 603, 605 (Iowa 1987)). Federal courts have long given attorney fees provisions in civil rights statutes a broad construction because the statutes further policies favoring private enforcement of civil rights legislation. *See, e.g., Newman v. Piggie Park Enters.*, 390 U.S. 400, 401–02, 88 S. Ct. 964, 965–66 (1968) (per curiam); *Parker v. Califano*, 561 F.2d 320, 327–28 (D.C. Cir. 1977); *Smith v. La Cote Basque*, 519 F. Supp. 663, 666 (S.D.N.Y. 1981). That said, "we will not substitute 'generalized language' for language 'expressly authorizing the payment of attorneys' fees to the prevailing party.' " *Simon Seeding & Sod*, 895 N.W.2d at 473 (quoting *Botsko v. Davenport Civil Rights Comm'n*, 774 N.W.2d 841, 846 (Iowa 2009)). Yet, we should not seek to evade express attorney fees provisions in civil rights statutes through cramped and technical interpretation.

In this case, the plain language of the Davenport Civil Rights Ordinance expressly authorizes the Davenport Civil Rights Commission to award attorney fees related to the administrative proceedings that

occurred in this case. The ordinance provides that the Commission may order payment of attorney fees caused by a discriminatory practice. Davenport, Iowa, Mun. Code § 2.58.175(A)(8). The term "discriminatory practice" is defined in the ordinance as "those practices specified as unlawful or discriminatory in this chapter." *Id.* § 2.58.030(R). Discriminatory housing practices are among those specified as unlawful in chapter 2.58. *Id.* § 2.58.300(B). Therefore, the Commission may order payment of attorney fees caused by a discriminatory housing practice. Since this case involved a discriminatory housing practice, the Commission was authorized to award attorney fees in this case. The district court erred in concluding otherwise, and I would reverse the district court ruling that Michelle Schreurs is not entitled to attorney fees before the Commission because they are not authorized by statute. That ruling is wrong.

But there is more. Pursuant to section 2.58.175(A)(8), the Commission "may" award attorney fees. *Id.* § 2.58.175(A)(8). Because of the term "may," the Commission has discretion under the Ordinance to award attorney fees when a complainant proves a discriminatory practice. The Commission determined that Schreurs proved a discriminatory practice, and the district court has upheld that determination. As a result, the Commission clearly has the power to award Schreurs attorney fees in this case.

The district court, however, vacated the damages award. I agree for the reasons stated by the district court. But because we do not know if the Commission's discretionary decision to award Schreurs attorney fees was influenced by the size of the emotional distress award, I would also vacate the Commission's award of attorney fees and remand the question to the Commission. Once the Commission redetermines the

damages issue, it should consider whether to exercise its discretion to award attorney fees.

In reconsidering the discretionary question of whether to award attorney fees incurred for proceedings before the Commission, it is important to note that, unlike section 2.58.350(G), there is no requirement under section 2.58.175(A)(8) that the complainant be a prevailing party. *Compare id.* § 2.58.350(G), *with id.* § 2.58.175(A)(8). All that is required under section 2.58.175(A)(8) to permit the Commission to exercise its discretion and award complainant attorney fees is a finding that the respondent engaged in a discriminatory practice. *See id.* § 2.58.175(A)(8). That predicate has already been established. Yet, the Commission must exercise its discretion anew in the event that it alters the damages award in this case.

## II. District Court Authority to Award Attorney Fees.

Schreurs may also be entitled to attorney fees related to the judicial review proceedings before the district court. The ordinance provides that "the court may at its discretion allow the prevailing party, other than the commission, reasonable attorney fees and costs resulting from . . . any court proceeding arising" from an administrative proceeding brought under section 2.58.350 of the ordinance. *Id.* § 2.58.350(G).

Under that provision, Schreurs sought attorney fees for the proceedings before the district court in a posttrial motion. According to Schreurs, she was a "prevailing party" in the district court proceedings because the court affirmed the Commission on liability and remanded for a finding on damages. According to Schreurs, the district court's ruling on the merits of her claim "alter[ed] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Dutcher v. Randall Foods*, 546 N.W.2d 889, 895

(Iowa 1996) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S. Ct. 566, 573 (1992)).

The district court denied Schreurs's motion. The district court concluded, "[b]ased on the current status of the proceedings, [Schreurs] is not entitled to an award of fees as a prevailing party, since the outcome of this judicial review proceeding did not result in an enforceable judgment against the petitioner." The judicial review proceeding did not render a definitive judgment on whether Schreurs is entitled to damages but only vacated the Commission's $17,500 damages award and remanded the matter to the Commission in order to allow the Commission to consider whether it gave inappropriate consideration of damages arising out of the termination of the tenancy when it calculated the damage award.

On remand, we do not know what the Commission will do. It is certainly possible the Commission will affirm the award on the ground that it already reduced the damages from $35,000 to $17,500 in order to eliminate any recovery based on the termination of the tenancy. Or, the Commission may reduce the $17,500 award to some other figure that is still substantial. We just do not know. At the end of the day, the Commission may affirm the award, and the district court may affirm the new award.

Suppose, for instance, on remand the Commission affirms the $17,500 emotional distress award and the respondent obtains no relief from the Commission. The respondent decides not to appeal. Schreurs has nothing to appeal as she has will have prevailed on the key contested issue before the Commission. The matter does not return to district court. In this instance, even though Schreurs has prevailed, and the district court proceedings affirming the Commission's finding of a

violation of the Ordinance against a vigorous assault played an essential part in her success, she would not have the opportunity to obtain attorney fees from the district court even though the district court's ruling rejected the respondent's claim on the merits of the civil rights claim and merely remanded the damage award for clarification.

I believe we should reverse the district court's decision and remand the case to the district court with instructions for the district court to issue a limited remand to the Commission under Iowa Rule of Appellate Procedure 6.1004 for the sole purpose of determining the appropriate amount of damages.  Once the Commission has made its determination, the district court should then consider the merits of any damages remedy afforded by the Commission.  Once the district court has considered the merits of the revised damages, then the district court will be in a position to consider whether Schreurs is a prevailing party in this litigation under section 2.58.350(G) of the ordinance.

Wiggins, J., joins this concurrence in part and dissent in part.