# IN THE SUPREME COURT OF IOWA

No. 20–0817

Submitted January 20, 2022—Filed March 4, 2022

**JOSEPH GOCHE,**

      Appellant,

vs.

**WMG, L.C.,**

      Appellee.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Kossuth County, David A. Lester, Judge.

Limited liability company seeks further review of court of appeals decision awarding attorney fees (including "fees on fees") to a former manager under Iowa Code section 489.408(1). **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Philip J. Kaplan of Anthony Ostlund Baer & Louwagie, P.A., Minneapolis, Minnesota, and Joseph G. Gamble and Wesley T. Graham of Duncan Green, P.C., Des Moines, for appellant.

Thomas W. Lipps of Peterson & Lipps, Algona, for appellee.

**WATERMAN, Justice.**

This appeal presents a question of first impression: whether Iowa Code section 489.408(1) (2020) allows a manager of an Iowa limited liability company (LLC) to recover from the LLC the attorney fees incurred litigating *against* the LLC, and if so, whether the manager can also recover "fees on fees," or the additional fees incurred enforcing the statutory fee claim. The statute requires the LLC to indemnify a manager for any debt incurred "in the course of the member's or manager's *activities on behalf of the company.*" *Id.* (emphasis added). A member-manager had a falling out with the other members (his siblings) who had removed him as manager. Multiple lawsuits were filed in which the now-former manager prevailed on the merits. His fees at issue were incurred litigating against the LLC.

The district court ordered the LLC to pay its former manager his fees pursuant to section 489.408(1) but declined to award him fees on fees. He appealed and the LLC cross-appealed. We transferred the case to the court of appeals. A two-judge majority determined the LLC must pay its former manager the fees awarded by the district court and his fees incurred seeking those fees. The dissenting judge concluded section 489.408(1) limits reimbursement or indemnity to "activities on behalf of the company" which cannot include fees incurred litigating against the LLC. We granted the LLC's application for further review.

On our review, we agree with the dissent. Under the plain language of section 489.408(1), a manager or former manager cannot recover from the LLC

fees incurred litigating against the company, much less fees incurred seeking such fees. We therefore vacate the decision of the court of appeals and reverse the district court's fee award.

### I. Background Facts and Proceedings.

WMG, L.C. is an Iowa Limited Liability Company whose members are Joseph Goche, his brother Michael Goche, and their sisters Jeanne Goche-Horihan and Renee Afshar. Joseph served as a manager from 2010 to early 2017. WMG owned 600 acres of farmland in Kossuth County. Beginning in 2012, WMG leased the farmland to NCJC, Inc., an Iowa corporation owned solely by Joseph. The lease gave NCJC a right of first refusal to purchase the land. The lease provided for annual cash rent of $136,449.70 and automatically renewed each February absent written notice of termination. The lease further provided that if it is not renewed, WMG would reimburse NCJC for the remaining benefits of fertilizer NCJC had previously applied to the land.

Relationships soured, and in 2014 Renee sued WMG and its other members in federal court. At that time Michael and Jeanne were also managers of WMG. That suit was dismissed for lack of subject matter jurisdiction. Renee refiled her lawsuit a year later in the Iowa District Court for Kossuth County, and Jeanne filed a cross-claim against Joseph. The sisters alleged Joseph breached his fiduciary duties owed to WMG. Renee requested appointment of a receiver. NCJC intervened in the lawsuit against WMG, seeking money damages for improvements to the leased property and to enforce its right of first refusal. Joseph personally asserted claims against WMG, including for indemnification,

and WMG counterclaimed against Joseph, alleging he breached fiduciary duties he owed WMG.

In a special meeting in February 2017, Joseph was removed from his position as a manager of WMG. By majority vote, the managers agreed to the appointment of a receiver, who prosecuted WMG's claims against Joseph and defended WMG against the claims by Joseph and NCJC. In March, WMG terminated its lease with NCJC, and distributed the farmland to the members of WMG. NCJC sued WMG for breach of contract in a separate action, seeking the cost of fertilizer that NCJC had applied to the farmland. The WMG–NCJC contract provided, "If either party files suit to enforce any of the terms of this lease, the prevailing party shall be entitled to recover court costs and reasonable attorney's fees." NCJC ultimately prevailed in that litigation, and after litigating through an appeal to our court, recovered fees it incurred before WMG offered to confess judgment in that case. *NCJC, Inc. v. WMG, L.C.*, 960 N.W.2d 58, 67–68 (Iowa 2021). Those fees are not at issue in this appeal.

Meanwhile, the litigation continued between Joseph, WMG, and the other members. Joseph incurred attorney fees prosecuting his claims against WMG and his siblings and defending their claims against him. He sought indemnification for his attorney fees, relying exclusively on Iowa Code section 489.408(1).[1] After Renee and Jeanne voluntarily dismissed their claims against

---

[1]WMG's governing documents neither require, nor prohibit, indemnification. The WMG operating agreement provides, "The Managers shall be indemnified by the Company to the extent provided in the Company's Articles of Organization." The articles of organization are silent as to indemnification and contain no provision for reimbursing attorney fees.

Joseph in 2016, he sought to recover from WMG his litigation expenses. The district court ruled WMG must indemnify Joseph for his fees resulting from Renee and Jeanne's claims against him, and calculated that amount as $51,455. The court denied the receiver's motion to strike that award, and WMG paid that amount. Those fees are not at issue in this appeal.

The litigation between Joseph and WMG continued. The district court granted summary judgment in favor of Joseph, dismissing WMG's breach of fiduciary duty claims against him. The district court subsequently granted his motion for partial summary judgment against WMG. The court ruled that WMG was "liable to Joseph for indemnification of attorney fees and expenses he incurred to defend himself against the claims brought against him by WMG for alleged breach of his duties as a manager of WMG." The case proceeded to a bench trial in January 2020 to determine the amount of the award. Joseph sought $141,451 in attorney fees and litigation expenses,[2] which included $95,231 incurred defending WMG's breach of fiduciary duty claims and $46,238 incurred prosecuting his indemnification claims against WMG (the fees on fees). The district court reduced the hourly rate of his lead Minneapolis attorney from $560 to $300 and lowered that firm's paralegal hourly rate to $100. The court then ordered WMG to pay Joseph $68,831 in fees he incurred defending against its claims. The court declined to award Joseph any amount for fees on fees. WMG moved under Iowa Rule of Civil Procedure 1.904(2) to further reduce the

---

[2]That amount is on top of the $51,455 WMG already paid Joseph for defending claims by Renee and Jeanne.

hourly rates. The court denied that motion. Joseph appealed seeking fees on fees and WMG cross-appealed. We transferred the case to the court of appeals.

A divided court of appeals interpreted Iowa Code section 489.408(1) to allow recovery of attorney fees as "debt," including fees on fees incurred to enforce the statutory right. The majority affirmed the district court's award of fees Joseph incurred defending WMG's breach of fiduciary duty claims against him and remanded the case for the district court to award the fees incurred enforcing his indemnification claim under that Code provision. A dissenting judge interpreted the statute to only allow fees incurred *on behalf of* WMG, not fees Joseph "incurred while *suing WMG*" or "defending himself *against WMG*." We granted WMG's application for further review.

## II. Standard of Review.

The fighting issue on appeal is the interpretation of Iowa Code section 489.408(1). We review rulings on statutory construction for correction of errors at law. *NCJC, Inc.*, 960 N.W.2d at 62.

## III. Analysis.

The fees the district court and court of appeals awarded were incurred by Goche litigating against WMG. "Iowa follows the American rule: 'the losing litigant does not normally pay the victor's attorney's fees.' " *Id.* (quoting *Guardianship & Conservatorship of Radda v. Wash. State Bank*, 955 N.W.2d 203, 214 (Iowa 2021)). "Generally, attorney fees are recoverable only by statute or under a contract." *Id.* (quoting *Radda*, 955 N.W.2d at 214). The sole basis for Goche's fee claim in this appeal is Iowa Code section 489.408(1). We have not

previously construed this statute, which is in the Revised Uniform Limited Liability Company Act enacted in 2008. 2008 Iowa Acts ch. 1162, §§ 1–115 (codified at Iowa Code §§ 489.101–.1304 (2009)) (adopting verbatim section 408 of the 2006 uniform act). We begin with its text:

> A limited liability company shall reimburse for any payment made and indemnify for any debt, obligation, or other liability incurred by a member of a member-managed company or the manager of a manager-managed company in the course of the member's or manager's *activities on behalf of the company*, if, in making the payment or incurring the debt, obligation, or other liability, the member or manager complied with the duties stated in sections 489.405 and 489.409.

Iowa Code § 489.408(1) (emphasis added).[3] Notably, the statute does not mention attorney fees. We assume without deciding that "debt, obligation, or other liability" can include attorney fees incurred in "activities on behalf of the company." We must decide whether section 489.408 compels WMG to reimburse Goche for fees he incurred litigating against the company.

The plain meaning of the statute limits WMG's reimbursement obligation to Goche's debts incurred in the course of activities *on behalf of* the company. We agree with the dissenting opinion on the court of appeals that litigation *against* the company does not constitute an activity on behalf of the company. Just the opposite. This statute would entitle a manager to recoup expenses incurred defending the company or prosecuting claims on behalf of the company

---

[3]Section 489.405 restricts distributions when the company is insolvent or near insolvency and that provision is not at issue. Section 489.409 codifies the fiduciary duties of loyalty and care. Goche argues he satisfies this requirement for indemnification because he won a summary judgment ruling dismissing WMG's claims that he breached his fiduciary duties. In our view, that adjudication does not establish the fees at issue were incurred "on behalf of" WMG, the opposing party.

against a third party. But not expenses incurred suing the company or defending claims brought by the company against the manager.

Goche was suing WMG to get money for himself. He was not bringing derivative claims against third parties for the benefit of the company, with WMG merely a nominal defendant. *See id.* § 489.906(2) (expressly allowing awards of "reasonable attorney fees and costs" to successful plaintiffs in derivative actions on behalf of LLCs). To the contrary, as the dissent noted, "All of those fees were incurred while Goche litigated on *his own behalf* as WMG's *adversary. . . .* Indeed, isn't litigation against a company *the opposite of* 'activit[y] *on behalf of* the company'?" (Alteration in original.)

Goche argues the litigation arose from his activities as a manager on behalf of WMG, but it is undisputed that he incurred the fees at issue litigating against WMG. His attorney fee claim is foreclosed by the plain language of section 489.408(1) because the fees were not incurred in activities "on behalf of" WMG. LLCs under section 489.408(2) can provide liability insurance to protect managers more broadly against liability claims arising from their status as managers, without the limitation that their actions giving rise to the liability claim be on behalf of the company.[4] Goche makes no claim that WMG should

---

[4]Iowa Code section 489.408(2) provides:

A limited liability company may purchase and maintain insurance on behalf of a member or manager of the company against liability asserted against or incurred by the member or manager in that capacity or arising from that status even if, under section 489.110, subsection 7, the operating agreement could not eliminate or limit the person's liability to the company for the conduct giving rise to the liability.

have provided him with liability insurance to pay the fees at issue. Reading these subsections together confirms that the company's indemnity obligation is limited to activities on behalf of the company.

The legislature knows how to require an LLC to pay attorney fees to a prevailing party. It did so with express language in section 489.906(2).[5] Such language is missing from section 489.408(1). That omission is fatal to Goche's fee-shifting claim. *See Radda,* 955 N.W.2d at 209–10 (concluding the legislature's selective placement of phrases in one section but not another is presumed intentional).

We interpret section 489.408(1) against the backdrop of Iowa's adherence to the American rule and our precedent requiring clear and unequivocal language in the statute or contract to force one party to a business arrangement to indemnify or pay the other party's attorney fees in litigation between them. *See, e.g., Homeland Energy Sols., LLC v. Retterath,* 938 N.W.2d 664, 708 (Iowa 2020) ("We have held that indemnification clauses that use the term 'indemnify' and 'hold harmless' evidence the parties' intent to protect a party from claims brought by third parties. Accordingly, an indemnity clause in a contract cannot be used to shift attorney fees between the parties 'unless the language of the

---

"This subsection's language is very broad and authorizes an LLC to purchase insurance to cover, *e.g.,* a manager's intentional misconduct." Revised Unif. Ltd. Liab. Co. Act § 408 cmt. subsec. (b) (Unif. L. Comm'n 2006).

[5]Iowa Code section 489.906(2) provides:

> If a derivative action under section 489.902 is successful in whole or in part, the court may award the plaintiff reasonable expenses, including reasonable attorney fees and costs, from the recovery of the limited liability company.

clause shows an intent to clearly and unambiguously shift the fees.' " (citation omitted) (quoting *NevadaCare, Inc. v. Dep't of Hum. Servs.*, 783 N.W.2d 459, 471 (Iowa 2010))); *Branstad v. State ex rel. Nat. Res. Comm'n*, 871 N.W.2d 291, 294 (Iowa 2015) ("The statutory authorization [to recover attorney fees] must be express and 'must come clearly within the terms of the statute.' " (quoting *Botsko v. Davenport C.R. Comm'n*, 774 N.W.2d 841, 845 (Iowa 2009))). "Our demanding approach is consistent with cases in other jurisdictions which reject awarding statutory attorneys' fees by implication and require express language." *Seeberger v. Davenport C.R. Comm'n*, 923 N.W.2d 564, 569 (Iowa 2019) (quoting *Botsko*, 774 N.W.2d at 845). These cases foreclose Goche's expansive reading of section 489.408(1) to imply fee-shifting on successful litigation against the company.

Goche relies on caselaw decided under Iowa Code section 490.852, the indemnity provision in the Iowa Business Corporations Act: *In re Internet Navigator, Inc.*, 293 B.R. 198, 208–09 (Bankr. N.D. Iowa 2003), and *Holden v. Construction Machinery Co.*, 202 N.W.2d 348, 367 (Iowa 1972) (en banc). In both cases the attorney fees at issue were incurred defending the corporation or in litigation between shareholders or directors; the party was not seeking reimbursement for fees incurred litigating *against* the corporation. *In re Internet Navigator, Inc.*, 293 B.R. at 201 (noting fees were incurred defending corporation and several directors); *Holden*, 202 N.W.2d at 351, 367 (involving litigation between shareholders in which the corporation "CMC is unquestionably a nominal or passive, though real, party defendant and as such it was required to

adopt a neutral position with regard to this litigation"). By contrast, Goche incurred the fees at issue litigating *against* WMG. Moreover, unlike section 489.408(1), section 490.852 does not expressly limit indemnification to "activities on behalf of the company."[6] Those cases do not help Goche.

Goche could potentially fare better under the 2013 amendment to section 408 of the Uniform Limited Liability Company Act, which omits the "on behalf of the company" limitation and expressly mentions attorney fees. The amended section provides:

> (b) A limited liability company shall indemnify and hold harmless a person with respect to any claim or demand against the person and any debt, obligation, or other liability incurred by the person by reason of the person's former or present capacity as a member or manager, if the claim, demand, debt, obligation, or other liability does not arise from the person's breach of Section 405, 407, or 409.

> (c) In the ordinary course of its activities and affairs, a limited liability company may advance reasonable expenses, including attorney's fees and costs, incurred by a person in connection with a claim or demand against the person by reason of the person's former or present capacity as a member or manager, if the person promises to repay the company if the person ultimately is determined not to be entitled to be indemnified under subsection (b).

Unif. Ltd. Liab. Co. Act § 408(b)–(c) (Unif. L. Comm'n amended 2013). But Iowa has not enacted that provision, and it is not our role to rewrite the Iowa statute in the guise of interpretation. *See Radda*, 955 N.W.2d at 214 ("Policy arguments

---

[6]Iowa Code section 490.852 provides:

> A corporation shall indemnify a director who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which the director was a party because the director is or was a director of the corporation against expenses incurred by the director in connection with the proceeding.

to amend the statute should be directed to the legislature." (quoting *In re Est. of Whalen*, 827 N.W.2d 184, 194 (Iowa 2013))).

We hold that because the fees and expenses at issue were not incurred on behalf of WMG, Goche cannot recover them from WMG under section 489.408(1). The district court and court of appeals erred by requiring WMG to pay Goche's fees he incurred litigating against the company. Based on our construction of section 489.408(1), we need not decide today whether fees on fees could be awarded to enforce indemnification under this statute for attorney fees incurred on the company's behalf.[7]

**IV. Conclusion.**

For those reasons, we vacate the decision of the court of appeals and reverse the judgment of the district court awarding Goche attorney fees and litigation expenses incurred litigating against WMG.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.**

---

[7]*See generally In re Est. of Bockwoldt*, 814 N.W.2d 215, 225–26 (Iowa 2012) (allowing fees incurred defending application for extraordinary fees under Probate Code); *Lynch v. City of Des Moines*, 464 N.W.2d 236, 240–41 (Iowa 1990) (en banc) (allowing recovery of fees incurred litigating the fee award under the fee-shifting provision of the Iowa Civil Rights Act); *see also Stifel Fin. Corp. v. Cochran*, 809 A.2d 555, 560–62 (Del. 2002) (allowing "fees on fees" in action to enforce indemnity provision in corporate bylaws).